Rosa **CASTRO–RIVERA,**
et. al., Plaintiffs,

v.

**CITIBANK, N.A., Defendant.**

No. CIV.98–2439 JAG.

United States District Court,
D. Puerto Rico.

March 28, 2002.

Rafael A. Oliveras–Lopez, Edif Assoc de Maestros, San Juan, PR, for Plaintiffs.

Amancio Arias-Guardiola, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are plaintiffs' objections to United States Magistrate–Judge Gustavo Gelpí's Report and Recommendation on the motion for summary judgment filed by defendant Citibank, N.A. (Docket No. 9). Magistrate–Judge Gelpí recommended that the Court **GRANT** summary judgment. After reviewing the objections, the Court **ADOPTS** the Report and Recommendation. (Docket No. 22).

## STANDARD OF REVIEW

■ A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 503. The losing party may contest the Report and Recommendation by filing written objections within ten days of being served with a copy of the Report and Recommendation. The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are waived on appeal." *Davet v.* *Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992).

## FACTUAL BACKGROUND

In light of plaintiffs' failure to submit a statement of contested facts with specific references to the record, the Court shall refrain from recounting in specific detail the facts in Citibank's statement of uncontested facts.[1] Instead, the Court shall set forth only those facts that are essential to carrying Citibank's burden of "identifying those portions of the [evidence] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On November 21, 1997, Jaime Díaz Figueroa ("Díaz") purchased an automobile, 1997 Mitsubishi, model Technica, serial number JA3AY31C6VU057115, at Autos del Caribe Motors in San Juan Puerto Rico. Citibank financed the automobile through a conditional sales agreement. On December 24, 1997, Díaz was involved in an accident while driving the automobile. As a result of this accident, plaintiff Rosa Castro Rivera ("Castro") suffered damages. At the time of the accident Díaz had the legal title and was the registered owner of the automobile.

## DISCUSSION[2]

■ The Magistrate–Judge carefully considered plaintiffs argument that Citibank is jointly liable for the accident because it financed the automobile to a person who does not have a valid drivers licence, and the conditional sales agree-

---

**1.** Since plaintiffs have violated this Court's "anti-ferret" rule by failing to file a Statement of Contested Material Facts with specific references to the record, the facts contained in defendants' Statement of Uncontested Material Facts are deemed admitted. Unless otherwise noted, the facts contained in this section are culled from the Statement of Uncontested Material Facts. See Local Rule 311.12; *Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001).

**2.** The discussion is taken from the Magistrate–Judge's Report and Recommendation.

ment entered between Citibank and Díaz prohibited that a person without a valid drivers licence should operate the vehicle. The Magistrate–Judge, however, found Ramirez's arguments wanting. The Magistrate–Judge first cited long-standing Puerto Rico Supreme Court precedent and determined that liability for damages arising out of an automobile accident is not dependent on whether the driver is licenced or not. *See Negrón García v. Noriega Ortíz*, 117 D.P.R. 570, 575 (1986); *Pueblo v. Pereira*, 49 D.P.R. 891, 895 (1936). The Magistrate–Judge then held that a financial institution such as Citibank, that finances the purchase of an automobile through a conditional sales agreement, cannot be held liable for a tort simply because the driver/buyer of the automobile was un-licenced. The Magistrate–Judge observed that Puerto Rico law of retail installment sales contracts, 10 L.P.R.A. § 741 *et seq.*, nor any other Puerto Rico law, requires the purchaser of a vehicle to have a valid drivers' licence. Finding that there was no legal merit in plaintiffs complaint, the Magistrate–Judge recommended that Citibank's Motion for Summary Judgment (Docket No. 17) be **GRANTED.**

Plaintiffs filed their objections to the Magistrate–Judge's Report and Recommendation on March 27, 2002. (Docket No. 23). Plaintiffs' objections are an exact duplicate of plaintiffs' Opposition to the Motion for Summary Judgment. *See Lopez v. Chater*, 8 F.Supp.2d 152, 155 (D.P.R.1998)(Domínguez, D.J.). In *Lopez*, the Court specifically admonished plaintiff's counsel, because the objections "barely complie[d] with the rule's requirements to the objectionable parts of the Magistrate–Judge's report." *Id.* Here, plaintiffs' counsel has not made a serious effort to heed the warnings issued by this Court in prior cases. Not only do the objections fail to comply with Local Rule 510.2 for lack of specificity, but they also simply restate the arguments that the Magistrate–Judge considered plaintiffs cannot do this and then expect the Court to treat their filing seriously. The Court, therefore, will review *de novo* the Report and Recommendation without the benefit of any new arguments of substance embodied in plaintiffs' objections.

The Court's review leads it to concur with Magistrate–Judge Gelpí's conclusion that the Motion for Summary Judgement should be granted. Accordingly, the Court adopts the Report and Recommendation in its entirety and dismisses the Complaint.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate–Judge Gustavo Gelpí's Report and Recommendation. Judgment shall be entered dismissing the Complaint with prejudice.

IT IS SO ORDERED.