Eunice BETANCOURT, et al, Plaintiff

v.

**ACE INSURANCE COMPANY OF PUERTO RICO and ACE INA International et al., Defendants.**

Civil No. 02–2332(JAG).

United States District Court, D. Puerto Rico.

March 29, 2004.

---

Juan R. Gonzalez–Munoz, Gonzalez Munoz Law Office, San Juan, PR, for Plaintiff.

Pedro J. Manzano–Yates, Fiddler Gonzalez & Rodriguez, P.S.C., Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are plaintiff's objections to United States Magistrate Judge Aida M. Delgado's Report and Recommendation on the Motion to Compel Arbitration filed by defendant ACE Insurance Company of Puerto Rico and ACE INA Insurance Company ("ACE"). (Docket No. 11). Plaintiff opposed the motion, and defendant filed a reply to the opposition. (Docket Nos. 15 and 16). Magistrate Delgado recommended that the Court grant the motion to compel arbitration and to stay judicial proceedings. Af-

ter reviewing the objections, the Court adopts the Report and Recommendation. (Docket No. 25).

## STANDARD OF REVIEW

A district court may, on its motion, refer dispositive motions to a United States Magistrate Judge for a Report a Recommendation. *28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72;* and Local Rule 72(a). In turn, the adversely affected party may "contest the Magistrate Judge's report and recommendation" by filing written objections within ten days of being served with a copy of the order. *See,* 28 U.S.C. §§ 636; *United States of America v. Mercado Pagán,* 286 F.Supp.2d 231, 233 (D.P.R.2003). The Court must then make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. *Castro–Rivera v. Citibank,* 195 F.Supp.2d 363, 364 (D.P.R.2002). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however if the affected party fails to timely file objections, " 'the district court can assume that they have agreed to the magistrate's recommendation'." *Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp2d 144, 146 (D.P.R.2003) (*quoting, Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985)).

## FACTUAL BACKGROUND [1]

On September 3, 2002, Plaintiffs Eunice Betancourt, Benjamin Betancourt, and the conjugal partnership constituted by them (hereinafter "Betancourt") brought an employment discrimination claim against defendants ACE pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Puerto Rico Laws 69, 80, and 100, claiming dis-

---

**1.** The facts are taken from the Report and Recommendation.

crimination, retaliation and wrongful discharge on the basis of gender, national origin and retaliation for having opposed unlawful practices on Title VII and the Civil Rights Act of 1991. Betancourt's complaint states that defendants ACE were a single employer for purposes of her claims. Her spouse, and their conjugal partnership also seek redress for the negligent acts of defendants pursuant to Puerto Rico law, Articles 1802 and 1803. Defendants are now seeking to compel arbitration and to stay the judicial proceedings.

### DISCUSSION

*Fed.R.Civ.P. 72(b)* provides that a party may file specific, written objections to the proposed findings and recommendations of a magistrate judge. Likewise, Local Rule 72(d) states that "the written objection ... shall specifically identify the portion of the proposed ... recommendation or report to which an objection is made and the legal basis for such objections." The objections presented, however, are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge. Specifically, in *Sackall v. Heckler,* 104 F.R.D. 401 (D.R.I.1984) the court has established that,

> "[i]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [Federal Rule of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is well grounded in fact and is warranted by existing law or a good faith argument for the extension,

modification or reversal of existing law." *Id.* at 402–403.

Betancourt filed a lengthy opposition to the Magistrate's Report and Recommendation on September 22, 2002. (Docket No. 31). Although Betancourt has identified the portions of the Report and Recommendation to which she objects, this Court finds that most of Plaintiff's objections are an exact duplicate of her Opposition to the Motion to Compel Arbitration (Docket No. 15). Betancourt's objections do not reflect an understanding that a plaintiff may not simply restate the arguments that the Magistrate–Judge considered and expect the Court to treat the filing seriously.

In her objections, Betancourt includes a lengthy list of "facts" under the heading "Statement of Material Facts", with a footnote indicating that the same should be read in the light most favorable to the plaintiff. Plaintiff, however, seems to be confusing the standard for objections to a Magistrate Judge's Report and Recommendation and that for Summary Judgment. The statement of material facts restates Betancourt's position as to the facts in this case, *but it fails to provide specific, direct objections* to the findings made by the Magistrate. Therefore, this Court cannot take these into consideration, for they fail to comply with the requirements for objections. Furthermore, Betancourt argues that the employment contract in effect did not contemplate mandatory arbitration of employment disputes, and should this Court find to the contrary, that the arbitration clause is invalid because there was no consideration from ACE and/or consent from Betancourt. This Court notes, however, that these are the same arguments that were considered by the Magistrate–Judge in reaching her opinion.[2] Betancourt again

---

**2.** In fact, Betancourt repeatedly cites and incorporates into her objections the arguments of her opposition to the motion to compel.

does not provide any specific analysis to contradict or counter the Magistrate's conclusions of law, and instead reiterates the ground already covered by the Magistrate.

Plaintiff has thus failed to comply with the procedural requirements. In light of this hurdle, the Court should not even consider Plaintiff's objections, and could review *de novo* the Report and Recommendation without the benefit of any new argument of substance. *See, Castro–Rivera,* 195 F.Supp.2d at 365 (where court found that plaintiffs simply restated the arguments that the Magistrate Judge had already considered, and thus cannot expect the Court to treat their filing seriously). Furthermore in, *Monfort–Rodríguez v. Hernández,* the Court found that plaintiff's objections were simply restatements of the arguments that the Magistrate Judge had already considered, and that they "offered nothing to bolster their objections except their own interpretation of the evidence." 286 F.Supp.2d 119, 121 (D.P.R.2003).

The Court's review of the record finds that there has been no clear error of law or fact in Magistrate Judge Delgado's report and recommendation, and leads it to concur with the Magistrate's conclusion that Betancourt is bound by the arbitration clause. Accordingly, the Court ADOPTS the Report and Recommendation, and GRANTS ACE's motion to compel arbitration.

Moreover, in view of the pending arbitration proceedings and the uncertainty and length of said proceedings, this matter is hereby DISMISSED WITHOUT PREJUDICE. This dismissal will not affect in any manner plaintiff's pending claims against defendants. Upon the conclusion of the arbitration proceedings, plaintiffs may file a petition to reinstate the proceedings in this case. Plaintiff's petition for reinstatement shall not be deemed as a new filing. Rather, the petition will be effective *nunc pro tunc* to the date of the original filing. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)(where Petitioner was not precluded from asserting his rights under Title VII merely because he had submitted his grievance to arbitration pursuant to a collective-bargaining agreement, and the federal courts were to hear such Title VII claims de novo without deference to the arbitrator.)

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate–Judge Aida M. Delgado's Report and Recommendation. Defendant's Motion to Compel is hereby **GRANTED.** Judgment shall enter **dismissing** the Complaint **without prejudice.**

IT IS SO ORDERED.