**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRYAN L. TRAVIS,

        Plaintiff-Appellant,

v.

PARK CITY POLICE
DEPARTMENT; PARK CITY
MUNICIPAL CORPORATION,

        Defendants-Appellees.

No. 07-4192
(D.C. No. 2:04-CV-00462-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Bryan L. Travis is a graphic artist who often displays his work in Miner's

Park in Park City, Utah. On one particular day, a police officer, who apparently

misunderstood the relevant city ordinance that precluded conducting business in

city parks without a license, but allowed the display of artwork, ejected

Mr. Travis from the park. Mr. Travis sued Park City Municipal Corporation and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R., App. P. 34(a)(2); 10th Cir., R., 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R., App. P. 32.1 and 10th Cir., R., 32.1.

the Park City Police Department ("Park City"), but not the officer in question. On summary judgment, the district court held that Mr. Travis lacked standing to bring a First Amendment challenge to the ordinance at issue because he did not violate it or have any intention to violate it. The court also ruled that Mr. Travis's claims for municipal liability under 42 U.S.C. § 1983 failed because the evidence showed that the officer in question acted in violation, not pursuant to, city policy or custom. We now affirm.

\* \* \*

This lawsuit stems from an incident on January 17, 2004. Mr. Travis was showing his artwork in Miner's Park when he was approached by a Park City police officer who mistakenly informed him that he could not show his artwork without a business license. In fact, the pertinent municipal ordinance then in force proscribed conducting business in city parks without a license, not the mere display of artwork, and it is undisputed that Mr. Travis was not offering any art for sale on that particular day. The officer told Mr. Travis to leave the park immediately, warning him that if he did not he would be subject to misdemeanor charges and the confiscation of his work. Mr. Travis packed up his belongings and left the park under the supervision of the officer. He was neither arrested nor cited, and his artwork was not taken by the officer. Indeed, Mr. Travis himself stresses that approximately seventeen months earlier, in August 2002, Park City Police Chief Lloyd Evans had visited another art show in Miner's Park and

expressly informed Mr. Travis and other artists that they could display their art work in Miner's Park without regulation by Park City, so long as they did not offer it for sale.

Mr. Travis's amended *pro se* complaint challenged the constitutionality of two ordinances. One, the ordinance in place at the time of the January 2004 incident, requires a city license to engage in business. Park City Mun. Corp. Mun. Code § 4-2-1 (hereafter § 4-2-1). The other, enacted after Mr. Travis's confrontation, specifically prohibits artists from exhibiting art for sale without a license in city parks. *Id.* § 4-3A-7 (hereafter § 4-3A-7). Mr. Travis challenged these ordinances as unconstitutional violations of, among other things, his First Amendment rights. Mr. Travis also asserted that Park City's actions gave rise to liability under 42 U.S.C. § 1983 for violating a number of his constitutional rights. Finally, he alleged various state law violations, claiming that he had been defamed, that his career had been injured, and that he was entitled to punitive damages.

In due course, the district court adopted a magistrate judge's recommendation and granted partial summary judgment to Park City with respect to Mr. Travis's requests for punitive damages and damages related to defamation and purported threats to his career.[1] After further proceedings, a pre-trial

---

[1] Park City asserts that Mr. Travis did not appeal the entry of partial summary judgment. In fact, however, Mr. Travis did attempt to appeal, but this

(continued...)

conference was held, after which the district court struck the case from its trial

calendar and instructed Park City to submit a (second) motion for summary

judgment. For purposes of this motion, Park City conceded that an artist who is

merely showing his art is not required to be licensed, and that it was a mistake for

its police officer to order Mr. Travis to leave Miner's Park. Nonetheless, Park

City argued that (1) Mr. Travis lacked standing to bring a First Amendment

challenge to the city's two ordinances, and (2) a mistake on the part of a Park

City police officer was insufficient to establish municipal liability for the various

constitutional violations Mr. Travis alleged. The district court agreed and granted

Park City's second motion for summary judgment; Mr. Travis now appeals that

judgment, contesting those two rulings.

\* \* \*

We review a grant of summary judgment *de novo*, applying the same

standard as the district court under Fed. R. Civ. P. 56(c). In First Amendment

cases, we have "an obligation to make an independent examination of the whole

record in order to make sure that the judgment does not constitute a forbidden

intrusion on the field of free expression." *Bose Corp. v. Consumers Union of*

---

[1](...continued)
court dismissed the appeal for lack of a final judgment. R., Vol. IV, Doc. 179. In the present appeal, Mr. Travis does not seek to revive his challenge to the earlier entry of partial summary judgment or any aspect of his state law claims. Indeed, the only issues on which the parties appear to join issue after the district court's partial summary judgment ruling are purely federal in nature.

*U.S., Inc.*, 466 U.S. 485, 499 (1984) (internal quotation marks omitted). Likewise, when, as here, a party proceeds *pro se*, we construe his or her pleadings liberally. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

1. Mr. Travis argues first that he does have standing to bring a First Amendment challenge to Park City's ordinances. In assessing this claim on summary judgment, we must ask whether, when viewed in the light most favorable to him, Mr. Travis has adduced facts suggesting that he has "suffered an 'injury in fact,' that the injury is fairly traceable to the challenged action of the Defendants, and that it is redressable by a favorable decision." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (en banc), *cert. denied* 127 S. Ct. 1254 (2007); *accord ACORN v. City of Tulsa*, 835 F.2d 735, 738 (10th Cir. 1987) ("In order to satisfy the article III restrictions on standing, a party must show at least that he or she has suffered an actual or threatened injury caused by the defendant and that a favorable judicial decision is likely to redress the injury.").[2]

"Injury in fact" means "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or

---

[2]   A plaintiff must establish standing whether he or she is challenging the law facially or as applied  *See Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) (requiring a plaintiff bringing a First Amendment challenge on facial grounds to "still satisfy the 'injury-in-fact' requirement in order to demonstrate standing"); *Aid for Women v. Foulston*, 441 F.3d 1101, 1108-11 (10th Cir. 2006) (same with regard to plaintiffs bringing "as applied" challenge).

hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations, citations, and footnote omitted); *see also Nat'l Council for Improved Health v. Shalala*, 122 F.3d 878, 883 (10th Cir. 1997). "A plaintiff generally has standing only if he or she has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder." *Phelps,* 122 F.3d at 1326 (quotation omitted). Further, in cases such as this, where a plaintiff requesting prospective relief alleges that government action chills protected speech in violation of the First Amendment, he or she can make the showing of particularized injury by producing

> (1) evidence that in the past [he has] engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that [he] presently [has] no intention to do so *because of* a credible threat that the statute will be enforced.

*Walker*, 450 F.3d at 1089.[3]

Mindful of our obligation on appeal to "make an independent examination of the whole record," *Bose Corp.*, 466 U.S. at 499, we have carefully reviewed the voluminous record in this matter, paying particular attention to deposition testimony and the transcripts from hearings before the district court. We

---

[3] While *Walker* characterized evidence of past activity as not indispensable, because "people have a right to speak for the first time," the court noted that such evidence would "lend concreteness and specificity to the plaintiffs' claims." *Walker*, 450 F.3d at 1089.

conclude that, even when viewing the facts in the light most favorable to him, Mr. Travis has failed to establish that his purported injury is sufficiently "concrete and particularized" to confer standing.

Critically, Mr. Travis denied ever selling art in the Park City parks either before or after the Chief of Police of Park City told him in August 2002 that he could show his art but could not sell it without a licence. Appellee's Supp. App. Vol. I at 249-50. At a motions hearing on March 12, 2007, Mr. Travis stated that, on January 17, 2004, "I wasn't selling. I didn't have intention to sell. I didn't have future intentions to sell because nobody can read the future." R., Vol. V, Doc. 209-3 at 19. Again in his opposition to the pre-trial order, Mr. Travis repeated that he "was not selling had no intent to sell and had no price tags on [my] violin sculptures." Appellee's Supp. App., Vol. I at 267. Because Mr. Travis has no intention to sell his art in the public spaces of Park City without a license, and there is no evidence he forsook such an intention because of fear of arrest, he has failed to show standing. Put differently, while Park City concedes that its police officer misapplied § 4-2-1 by ordering Mr. Travis to stop displaying his artwork in Miner's Park, the officer's action does not confer standing on Mr. Travis to challenge whether the ordinances violate the First Amendment, either facially or as applied, because he has not shown the requisite

intention to bring himself within the scope of the conduct proscribed by the ordinances. *See Phelps*, 122 F.3d at 1326*; Foulston*, 441 F.3d at 1109-11.[4]

2.  Mr. Travis's federal remedy for the misapplication of an ordinance in a manner that violates his constitutional rights arises under 42 U.S.C. § 1983. The problem here is that Mr. Travis has sued only Park City, not the officer in question, and under our precedents a municipality can be held liable for the unconstitutional actions of its employees only when those employees act pursuant to city policy or custom, *see Simmons v. City of Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284-85 (10th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), or when the city itself has acted in a manner deliberately indifferent to the continuing, widespread, and persistent unconstitutional conduct by city officials, *see Rost ex. rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1125 (10th Cir. 2008). Mr. Travis has not presented any facts suggesting that the officer who ejected him from Miner's Park did so pursuant to city custom or policy or as a result of any deliberate

---

[4]      In his appellate brief, Mr. Travis does assert that he now intends to sell his artwork in public parks. As appellee correctly notes, however, this represents a change in position. Before the district court, Mr. Travis made no such assertion and offered no such testimony – indeed, he took just the opposite position there – and the court of appeals is rarely the appropriate venue for the introduction of new evidence and issues; instead, we generally review a district court's disposition of a summary judgment on the record as it was developed by the parties in the district court, *see*, *e.g.*, *Boone v. Carlsbad Bancorp., Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) ("[w]e will not review [evidence that] was not before the district court when the various rulings at issue were made"), and we discern no reason to depart from that practice now.

indifference on the city's part.  To the contrary, Mr. Travis concedes that the city's official policy was (and is) to allow the exhibiting of art so long as the artist does not attempt to also make sales.  Given this, our precedent dictates dismissal of his § 1983 claim.

* * *

The judgment of the district court is affirmed.  Mr. Travis's requests for injunctive relief and damages as well as his outstanding motion for sanctions are denied.


Entered for the Court


Neil M. Gorsuch
Circuit Judge