UNITED STATES of America, Plaintiff

v.

Jorge ANDUJAR–ORTIZ, Defendant.

Criminal No. 06–206 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 2, 2008.

Joseph C. Laws, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

Nathan Joseph Schulte, United States Attorney's Office, San Juan, PR, for Plaintiff.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Jorge Andujar–Ortiz' ("Defendant") Motion to Suppress. (Docket No. 42). For the reasons set forth below, the Court **DENIES** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

■ Defendant stands charged in an Indictment returned by a Grand Jury for violations of 21 U.S.C § 841(a)(1) and 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1). On July 11, 2007, Defendant filed a "Second Motion Requesting Suppression of Evidence" contesting the validity of the statement given by Puerto Rico Police Officer Luis Vazquez–Torres ("PRPO Vazquez") in support of a search warrant issued by a Puerto Rico Municipal Judge. The search warrant is based on a surveillance, which PRPO Vazquez conducted at Defendant's residence located in Toa Alta, Puerto Rico.[1] Defendant claims an investigation has disclosed that the search warrant was obtained with false information because PRPO Vazquez' statements and observa-

tions are in direct opposition to two (2) witnesses' statements in several critical aspects. As such, Defendant argues that a *Franks*[2] hearing should be held and that thereafter, all of the evidence seized at his house and any statements made by him upon his arrest should be suppressed. (Docket No. 42).

On July 20, 2007, the government opposed Defendant's request claiming the motion to suppress should be denied pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The government stressed that there is a presumption of validity with respect to the affidavit supporting the search warrant. Moreover, the government alleged Defendant failed to meet his burden under *Franks* because he did not show that the challenged statements contained in the affidavit were knowingly and intentionally false or made with reckless disregard for the truth. (Docket No. 49). Thereafter, the Second Motion to Suppress and its Opposition were referred to a Magistrate Judge for a Report and Recommendation. (Docket Nos. 43 and 44).

A suppression hearing was held by the Magistrate Judge on December 3, 2007 and on June 16, 2008, after further continuances were requested and granted by the Court. In said hearings, Defendant presented the testimonies of Jorge Vélez–Santiago ("Velez"), Jorge L. Rivera ("Rivera") and Benny Soto Quintana ("Soto"). According to Defendant, the testimonies and statements of Velez and Rivera, both neighbors of Defendant, demonstrated that the statements proffered by PRPO Vazquez in support of the aforementioned search warrant are false. Specifically, De-

---

**1.** PRPO Vazquez' sworn statement is found in Docket No. 51, Exh. II.

**2.** A *Franks* hearing is customarily ordered when a Defendant makes a preliminary showing that a warrant's affidavit contains know-

ing or reckless material falsities or omissions, which may compromise the adequacy of the affidavit. *United States v. Dung Cao,* 471 F.3d 1, 3 (1st Cir.2006)(internal citations omitted).

fendant averred that the testimonies and sworn statements of Velez and Rivera showed that on May 24, 2006 at 4:15 p.m. PRPO Vazquez did not effect a surveillance of Defendant's house from a car in a certain area as stated in his affidavit. Both Rivera and Velez stated that they did not see a car on May 24, 2006 at 4:15 p.m. in the area where PRPO Vazquez claims he was parked while conducting the surveillance of Defendant's house.

Soto, a private investigator, was hired by Defendant's attorney to survey and perform an experiment in the area where PRPO Vazquez allegedly saw Defendant perform a drug transaction. Soto performed an experiment where he recreated the drug transaction that PRPO Vazquez allegedly witnessed took place in that area. According to Defendant, Soto's conclusions after surveying the area and performing the experiment support the following claims: (1) that PRPO Vazquez could not have seen, from where he conducted the surveillance, the baggies containing controlled substances which were inside another bag; (2) that the use by PRPO Vazquez of privately owned binoculars, which were allegedly used in conducting the surveillance, is in question because they do not belong to the Puerto Rico Police Department; (3) PRPO Vazquez' vehicle had tinted windows, thus, affecting visibility; (4) PRPO Vazquez shortened the distance between the residence of Defendant and the place where he was parked during the surveillance because he stated the length was between 150–200 feet and the length is 300 feet pursuant to the measurement taken by Soto with a measuring device; (5) PRPO Vazquez' observations were done in seconds. The government did not call any witnesses arguing the burden had not shifted to the government because the evidence presented by Defendant was not enough to undermine the affidavit in question under *Franks*.

On July 1, 2008, the Magistrate Judge issued a Report and Recommendation in which she afforded little credibility to the testimonies proffered by Defendant's witnesses. As to Rivera and Velez, the Magistrate Judge stressed that the statements provided by said witnesses were dated more than one year after the surveillance was conducted by PRPO Vazquez. As such, the Magistrate Judge concluded that their testimonies were not credible because it was highly improbable that Rivera and Velez, more than one year later, could recall that on May 24, 2006 at 4:15 p.m. no vehicles were parked in the area where PRPO Vazquez allegedly saw Defendant perform a drug transaction. Furthermore, the Magistrate Judge stressed that the testimonies of Rivera and Velez were not based on accurate and concrete facts they can credibly attest actually happened on May 24, 2006.

The Magistrate Judge also afforded little credibility to Soto's experiment and concluded that his testimony was speculative at best. In reaching this conclusion, the Magistrate Judge noted that Soto's findings are not based on personal knowledge and are instead based on inferences. Moreover, the Magistrate Judge stressed that Soto's observation and inspection off the area in question was done more that a year after PRPO Vazquez conducted his surveillance. Accordingly, the Magistrate Judge determined that Defendant failed to meet his burden under *Franks* because he did not prove that PRPO Vazquez knowingly and intentionally included false statements in his affidavit. As a result, the Magistrate Judge recommended that Defendant's Motion be denied. (Docket No. 93). On August 11, 2008, Defendant objected to the Magistrate Judge's Report and Recommendation, (Docket No. 98) and on August 26, 2008, the Government re-

sponded to Defendant's objections. (Docket No. 102).

## STANDARD OF REVIEW

### 1) *Franks Hearing*

A defendant is entitled to an evidentiary hearing under *Franks* when he "makes a substantial preliminary showing that both (1) a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and (2) the allegedly false statement is necessary to the finding of probable cause." *United States v. Reiner*, 500 F.3d 10, 14 (1st Cir.2007)(citing *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). Thus, to mandate a *Franks* hearing, a defendant must offer allegations that are more than conclusory and must be supported by more than a mere desire to cross-examine. *Franks*, 438 U.S. at 171, 98 S.Ct. 2674.

Defendant's allegations of deliberate falsehood or of reckless disregard for the truth must be accompanied by an offer of proof. *Id.* Adequate offers of proof include affidavits or sworn or otherwise reliable statements of witnesses. *Id.* They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Id.* However, a Defendant's self serving statement is not a sufficient offer of proof. *United States v. McDonald*, 723 F.2d 1288, 1294 (7th Cir.1983).

It is well settled law that there is a presumption of validity with respect to the affidavit supporting a search warrant. *Franks*, 438 U.S. at 171, 98 S.Ct. 2674. "To overcome this presumption and support a conclusory statement that no informant existed, the Defendants must do more than construct a self-serving statement which refutes the warrant affidavit." *Id.*

### 2) *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed. R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003)(quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, the district court can assume that they have agreed to the magistrate's recommendation. *Alamo Rodriguez*, 286 F.Supp.2d at 146 (quoting *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

## DISCUSSION

Defendant argues that this Court should reject the Magistrate Judge's Report and Recommendation and afford Defendant another hearing or in the alternative order a site inspection of the area where PRPO

Vazquez' surveillance took place.[3] Defendant rehashed the arguments presented to the Magistrate Judge.[4] Namely, that Soto's testimony and experiment together with Rivera and Velez' testimonies proved that PRPO Vazquez lied in his affidavit. However, this Court finds Defendant's arguments to be unavailing.

 The Magistrate Judge made credibility determinations regarding the testimonies of Defendants' witnesses and it is well settled law that when findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court's findings; "for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *see also Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985); *United States v. Henderson*, 463 F.3d 27, 32 (1st Cir.2006). However, a trial judge may not insulate his findings from review by denominating them credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness. *Anderson*, 470 U.S. at 575, 105 S.Ct. 1504. When documents or objective evidence contradict the witness' story; or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit it, the court of appeals may well find clear error even in a finding purportedly based on a credibility determination.

*Id.*; *see also United States v. Forbes*, 181 F.3d 1, 7–8 (1st Cir.1999)(vacating after clear error was found in factual findings based on a police officer's testimony as to a vehicle stop, where the officer's testimony was "improbable" and "call[ed] into question" by "extrinsic evidence," and the district court "did not explain why it found [the police officer] to be credible"). Basically, a trial court's factual findings after a suppression hearing can be overturned only if, after reviewing all of the evidence, there is a "definite and firm conviction that a mistake has been committed." *Henderson*, 463 F.3d at 32. But such instances are rare, especially when the factual findings at issue are made by a careful and able judge. *Id.*

 In the present case, the Magistrate Judge determined after evaluating the testimonies of Defendant's witnesses, including their responsiveness and their demeanor on the stand that their testimonies were not credible. This Court agrees with the Magistrate Judge's finding that Rivera and Velez' statements are not credible because they were done more than a year after the events took place. It is certainly difficult to believe that someone can remember whether a car was parked at a certain time and date more than a year later. Additionally, we agree that little credibility can be afforded to Soto's experiment since he lacks personal knowledge of the events that transpired during PRPO Vazquez' surveillance and the experiment was conducted based on inferences made by Soto after reading PRPO

---

**3.** Defendant informed the Court that it requested from the Magistrate Judge that a physical inspection be conducted in the area where PRPO Vazquez' surveillance took place. In addition, Defendant requested the production of the binoculars allegedly used by PRPO Vazquez during his surveillance. However, the Magistrate Judge denied Defendant's requests. (Docket No. 98).

**4.** *See Castro–Rivera v. Citibank*, 195 F.Supp.2d 363, 365 (D.P.R.2002)(finding that the Court need not seriously consider an objecting party's filing where it simply restates the arguments that the Magistrate–Judge previously considered).

Vazquez' affidavit. Consequently, this Court finds that Defendant has failed to make a substantial showing that PRPO Vazquez knowingly and intentionally, or with reckless disregard for the truth included a false statement in his affidavit. Consequently, Defendant's request for a *Franks* hearing must be denied.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate–Judge's Report and Recommendation, (Docket No. 93), in its entirety and **DENIES** Defendants' Motion to Suppress. (Docket No. 42).

IT IS SO ORDERED.