In re EL COMANDANTE MANAGE-
MENT COMPANY, LLC, et al.,
Debtors.

Don Drew, as the Plan Administrator,
Appellant,

v.

Latimer, Biaggi, Rachid &
Godreau, Appellee.

Civil No. 07–1784 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 2, 2008.

Eric Perez–Ochoa, Adsuar Muniz Goyco Seda & Perez Ochoa PSC, Juan L. Duquela Fuentes, Duquela & Zapata, LLP, San Juan, PR, for Plaintiff.

Charles A. Cuprill–Hernandez, Charles A. Cuprill PSC, Fausto D. Godreau, Latimer, Biaggi, Rachid & Godreau, Jose Raul Cancio–Bigas, Cancio Covas & Santiago LLP, Monsita Lecaroz–Arribas, U.S. Trustee Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a set of consolidated appeals from an Opinion and Order issued by the Bankruptcy Court denying Don Drew, the Plan Administrator's ("Appellant") request that the fees and expenses requested by the law firm of

Latimer, Biaggi, Rachid & Godreau ("Appellee") be denied. The appeals were referred to a Magistrate Judge, which recommended that the Bankruptcy Court's holding be affirmed. Furthermore, the Magistrate Judge recommended that the case be remanded to the Bankruptcy Court in order to determine if interest pursuant to 28 U.S.C. § 1961 should be imposed. For the reasons set forth below, the Court **ADOPTS** in part and **DENIES** in part the Magistrate Judge's Report and Recommendation. The Bankruptcy Court's holding will be **AFFIRMED.**

## FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2007, Appellee filed its final application for compensation and sought the United States Bankruptcy Court for the District of Puerto Rico's authorization for payment in the amount of $550,301.91 in connection with services rendered from July 1, 2006 through January 2007 on behalf of the debtors in the jointly administered cases of Housing Development Administration, El Commandante Management Corp., and El Commandante Capital Corp. ("ECCC") (collectively "Debtors"). On March 5, 2007, Appellant in his capacity as the Plan Administrator objected to the final application for compensation filed by Appellee and requested the disgorgement of all fees and expenses incurred by said law firm since November 23, 2005. On April 17, 2007, Appellee responded to Appellant's objection and requested that the Bankruptcy Court summarily dispose of this contested matter. On May 1, 2007, Appellant filed a reply and a cross motion for summary judgment.

Appellant objected to the fee application by arguing that Appellee had a conflict of interest from, at least, November 23, 2005, which remained undisclosed until January 2007, when Appellee filed a motion withdrawing representation. According to Appellant, on November 23, 2005, FirstBank confirmed via letter that on October 4,2005, it issued a financing commitment to Camarero Race Track Corp. ("Camarero") for the purpose of acquiring Debtor's assets. Camarero purchased Debtor's assets on January 4, 2007 in accordance with the confirmed plan and FirstBank financed the asset purchase. Appellant averred that in Appellee's request for withdrawal it informed the Bankruptcy Court for the first time that FirstBank is Appellee's principal client in other matters, and that FirstBank requested Appellee not to file any pleadings which might affect the relationship between them and Camarero.

Appellant alleged that the fees and expenses requested by Appellee should be denied in light of Appellee's relationship with FirstBank. Specifically, Appellant claimed that all fees and expenses incurred and paid since November 23, 2005 should be disgorged, as they were incurred during the existence of the undisclosed conflict of interest. Furthermore, Appellant averred that the potential conflict of interest became an actual conflict of interest when the Indenture Trustee's Plan became a competition plan to Debtor's Plan of Reorganization and Appellee filed objections on behalf of Debtors requesting that the court deny the approval of the Indenture Trustee's Plan, which proposed the sale of Debtor's assets to Camarero with FirstBank's financing.

In addition, Appellant argued before the Bankruptcy Court that Appellee was not entitled to compensation or payment for services rendered to ECCC because the case converted to a Chapter 7 proceeding. Appellant argues that fees incurred by Appellee in connection with representing ECCC must be sought within ECCC's Chapter 7 case. Furthermore, Appellant

claimed that Appellee should be required to allocate the fees among the three Debtors.

The Bankruptcy Court held that Appellee complied with Federal Rule of Bankruptcy Procedure 2014(a)[1] because Appellee did not have a duty to disclose its connection with FirstBank before the asset purchase took place on January 2007. The Court determined that FirstBank was not a debtor, creditor, even a party in interest, or an attorney or accountant, the United States Trustee or any person employed in the office of the United States Trustee. Furthermore, the Court noted that prior to the asset purchase, FirstBank was a mere observer of the proceedings waiting to see if its potential client would need the credit offered. Moreover, the Court stressed that FirstBank was represented by different counsel in the proceedings. As such, the Court failed to see how FirstBank's interest were adverse to the interests of the estate. Additionally, the Court determined that FirstBank did not have a conflict of interest that warranted disqualification. Additionally, the Court stressed that Appellee "at all times during the case, showed its undivided loyalty to Debtors evidenced by the multiple oppositions to the Indentured Trustee's proposal, and appeals of orders in favor of the Indentured Trustee and consequently, Camarero."

Further, the Court held that Appellant waived his claim that fees incurred by Appellee in connection with representing ECCC must be sought within ECCC's Chapter 7 case. Likewise, the Court determined that Appellant waived his request that Appellee should be required to allocate the fees among the three Debtors. The Court stressed that these objections were waived because they did not appear in any subsequent pleading nor were they argued at a status conference held by the Court. In addition, the Court noted that it would be impractical for professionals hired in the case to apportion the fees claimed among the three debtors. Furthermore, the Court clarified that all another professionals appointed by the Court had not apportioned their fees among the three Debtors. (Docket No. 11–6).

Separate appeals from the Opinion and Order issued by the Bankruptcy Court (Bankr. No. 04–10938, Docket No. 2901, appendixed in Civil Case No. 07–1784, Docket No. 11–6) were filed by Appellant, Appellee, and Housing Development Associates. (Civil Case No. 07–1841, Docket No. 13). The appeals were consolidated on motion by Appellee. (Civil Case No. 07–1784, Docket Nos. 17 and 31). Appellant appeals the Bankruptcy Court's opinion for two reasons: first, Appellant argues that the Bankruptcy Court erred in finding that Appellee did not have a conflict of interest in the proceedings below. Appellant claims that such conflict existed because FirstBank, Appellee's principal client in unrelated cases, became a party in interest when it filed a claim against the estate and entered into a loan relationship with Camarero acquiring the right to grant Camarero a $60 million loan to finance the purchase of estate assets. Furthermore, Appellant alleges that FirstBank was a party in interest because its name appeared twice in the Master List. Appellant avers that these conflicts of interest require Appellee to disgorge all fees and expenses related to the proceedings, "at least from the date such disclosure was required[.]"[2] Second, Appellant contends

---

1. Rule 2014(a) requires that an application requesting authority to employ a professional person state "all of the person's connections with the debtor, creditors, any other party in interest, [and] their respective attorneys and accountants ..." Fed.R.Bankr.P. 2014(a).

2. (Docket No. 5, at 33).

that the Bankruptcy Court erred in finding that he waived his argument that fees incurred by Appellee in connection with representing ECCC must be sought within ECCC's Chapter 7 case. Moreover, Appellant claims that Appellee should be required to allocate the fees among the three debtors. (Civil Case No. 07–1784, Docket No. 5).

Appellee filed a reply brief to the Appellant's brief, (Civil Case No. 07–1784, Docket No. 21), and the Appellant filed a reply to Appellee's reply brief. (Civil Case No. 07–1784, Docket No. 36). In its appeal from the Bankruptcy Court's opinion, Appellee argues only that the Bankruptcy Court failed to impose interest pursuant to 28 U.S.C. § 1961 against Appellant on the payments to be made to Appellee. (Civil Case No. 07–1841, Docket No. 13). Appellant filed a reply to Appellee's appeal, arguing that neither the reorganization plan nor the Bankruptcy Code allow for interest to be paid to Appellee. (Civil Case No. 07–1784, Docket No. 37). On April 2,2008, this case was referred to a Magistrate Judge for a Report and Recommendation. (Civil Case No. 07–1784, Docket No. 33).

On July 31, 2008, the Magistrate Judge issued a Report and Recommendation. First, the Magistrate Judge did not consider Appellant's argument that FirstBank was a party in interest because it was a creditor and because its name appeared twice on the Master List. The Magistrate Judge concluded that these arguments were deemed waived by Appellant because they were brought for the first time on appeal. The Magistrate Judge also dismissed Appellant's argument that First-Bank was a party in interest because of its substantial financial interest in the outcome of the case. The Magistrate Judge determined that the fact that FirstBank had a prospective loan commitment with Camarero did not make it a party in interest. Additionally, the Magistrate Judge concurred with the Bankruptcy Court's holding and determined that Appellant waived its argument that fees incurred by Appellee in connection with representing ECCC must be sought within ECCC's Chapter 7 case. Moreover, the Magistrate Judge concluded that the Bankruptcy Court did not err in not requiring Appellee to allocate the fees as requested by Appellant. Finally, the Magistrate Judge recommended that Appellee's claim for interest pursuant to 28 U.S.C. § 1961 should be remanded to the Bankruptcy Court for further proceedings. (Docket No. 38).

On August 11, 2008, Appellant filed its objections to the Report and Recommendation. First, Appellant opposes the Magistrate Judge's failure to address its claim that FirstBank was a party in interest because of his status as a creditor. Appellant stresses that FirstBank became a creditor when it filed a proof of claim with the Bankruptcy Court on or about December 22, 2004. In addition, Appellant argues that the Magistrate Judge erred in not considering his argument that First Bank was a creditor because it was brought for the first time on appeal. Likewise, Appellant objected to the Magistrate Judge's conclusion that his argument that FirstBank was a party in interest because its name appeared twice in the Master List could not be addressed on appeal because it was not raised before the Bankruptcy Court. Appellant avers that both arguments may be considered by this Court because they are not new legal theories and, therefore, they can be brought up for the first time on appeal.

Additionally, Appellant rehashed the argument presented to the Bankruptcy Court and addressed by the Magistrate Judge when he objected to the Magistrate Judge's finding that FirstBank was not a party in interest even though it had a

prospective loan commitment. Finally, Appellant objected to the Magistrate Judge's recommendation that Appellee's request for interest pursuant to 28 U.S.C. § 1961 be remanded to the Bankruptcy Court for further proceedings. According to Appellant, interest under 28 U.S.C. § 1961 is not applicable to the allowance of attorneys' fees as an administrative expense in bankruptcy cases. (Docket No. 39).

## STANDARD OF REVIEW

1) *Standard for Reviewing a Magistrate-Judge's Report and Recommendation*

■■■ A District Court may refer pending dispositive motions to a Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the Magistrate Judge's report. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005)(citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(a)(b)(1). *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005)(citing *LaCedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I.2004)). However, a Petitioner "may not simply restate the arguments that the Magistrate Judge considered and expect the Court to treat the filing seriously." *Rosado–Lebron v. Comm'r of Soc. Sec.,* 193 F.Supp.2d 415, 418 (D.P.R.2002).

## DISCUSSION

1) *Appellee's Compensation*

In its brief, Appellant claimed Appellee had a legal and ethical obligation to disclose to the court and third parties, its significant professional, economic and financial connections with FirstBank. Appellant argues that FirstBank is a party in interest for two fundamental reasons: (1) as a creditor of the estate; and (2) because of its substantial financial interest on the outcome of the case. According to Appellant, FirstBank was a creditor of the estate since December 22, 2004, when it filed a proof of claim. Appellant further averred that FirstBank became a party in interest because it acquired the right to grant Camarero a $60 Million loan to finance the purchase of the estate assets. Appellant argues that this supports the contention that FirstBank acquired a substantial financial and economic interest that was dependent in the outcome of the case. In addition, Appellant stressed that the fact that FirstBank appeared twice in the Master Address List is evidence that it was a party in interest because only creditors and parties in interest are included in the Master Address List. According to Appellant, Appellee's failure to: (1) timely disclose its connections with FirstBank; (2) timely disclose the simultaneous client-

attorney relationship with Debtors and FirstBank; (3) advocate on behalf of Debtors without limitation; and (4) seasonably disclose its relationship and instead wait until the end of the case, i.e. the entry of the Confirmation Order, to disclose the existence of its relationship with First-Bank and its potential conflict of interest, constituted a blatant violation of its fiduciary duties under Federal Rule of Bankruptcy Procedure 2014(a) that warrants the denial of compensation, and the disgorgement of all fees and expenses.

"An attorney employed as a bankruptcy professional must comply with the disclosure requirements of the Federal Rules of Bankruptcy Procedure." *In re El San Juan Hotel Corp.*, 239 B.R. 635, 647 (1st Cir. BAP 1999). Rule 2014(a) requires that an application requesting authority to employ a professional person state "all of the person's connections with the debtor, creditors, any other party in interest, [and] their respective attorneys and accountants ..." Fed. R.Bankr.P. 2014(a). The application must be accompanied by a "verified statement ... setting forth the [attorney's] connections" to all parties in interest. *Id.* "Although an attorney need not disclose every past or remote connection with every party in interest, he must disclose those presently or recently existing, whether they are of business or personal in nature, which could reasonably have an effect on the attorney's judgment in the case." *In re El San Juan Hotel Corp.*, 239 B.R. at 647. Under Rule 2014(a) a professional is also required to update any circumstance suggesting an actual or potential conflict of interest which could reasonably have an effect on the attorney's judgment in the case. *See*

*Rome v. Braunstein*, 19 F.3d 54, 59 (1st Cir.1994).

Section 328(c) provides a penalty for professional persons found to be under a conflict of interest. Section 328(c) provides, in pertinent part:

> The court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed. 11 U.S.C. § 328(c).

Pursuant to Section 328(c), a Court may deny an attorney some or all compensation if the attorney develops a disqualifying conflict of interest at any time in the case. Similarly, an attorney that fails to make inadequate disclosures as required by Rule 2014(a) "may be penalized in a variety of ways, including ... total or partial denial of compensation, or disgorgement of fees and expenses. *In re El San Juan Hotel Corp.*, 239 B.R. at 647.[3]

In order to determine whether Appellee failed to comply with Rule 2014(a), this Court must first determine whether FirstBank is a debtor, creditor, or any other party in interest. The Magistrate Judge determined in his Report and Recommendation that Appellant's argument that FirstBank was a party in interest because: (1) it became a creditor when it filed a proof of claim and (2) its name appeared twice in the Master List could

---

**3.** "[T]he First Circuit Court of Appeals has declined to adopt a *per se* or brightline rule invariably requiring denial of all compensation because of a conflict of interest, recognizing that bankruptcy judges, being on the front line, should have wide discretion in regard to professional employment issues." *In re El San Juan Hotel Corp.*, 239 B.R. at 648.

not be considered because they were brought to the Court's attention for the first time on appeal. Appellant objected to the Magistrate Judge's finding and argued that only new legal arguments are barred from being brought for the first time on appeal. Appellant alleges that his claims that FirstBank is a party in interest because it was a creditor and its name appeared twice in the Master List do not constitute new legal theories and, thus, are not precluded from being brought up for the first time on appeal. This Court agrees with Appellant's contention that their two aforementioned arguments are not new legal theories.

The First Circuit Court holds that legal theories not raised squarely in the lower court cannot be brought for the first time on appeal. *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 21 (1st Cir.1992). Appellant's legal theory has always been that Appellee's compensation should be denied because it failed to comply with its obligation to disclose its relationship to FirstBank, who is an alleged party in interest. At the Bankruptcy Court, Appellant brought in support of this argument evidence that proved that FirstBank had a future loan commitment with Camarero. On appeal, Appellant brought to this Courts attention that there is additional evidence in this case that supports Appellee's failure to comply with its duty to disclose its relationship with FirstBank. Specifically, Appellant brings to this Court's attention that there is a proof of claim filed by FirstBank which qualifies him as a creditor. Furthermore, Appellant points this Court's attention to the fact that FirstBank's name appears twice on the Master List.

 However, this evidence was not brought to the Bankruptcy Court's attention and it is well settled that "new evidence, which could have been offered in the trial court, is not supposed to be proffered for the first time in an appellate setting." *In re Colonial Mortg. Bankers Corp.*, 186 F.3d 46, 50 (1st Cir.1999). The review of a district court's disposition of a summary judgment should be done on the record as it was developed by the parties in the district court. *Travis v. Park City Police Dep't*, 277 Fed.Appx. 829, 832 n. 4 (10th Cir.2008). FirstBank's proof of claim and evidence that its name appeared twice in the Master List could have certainly been brought to the Bankruptcy Court's attention. Hence, a Court such as ours, which is now in an appellate setting cannot review evidence that was not before the trial court, i.e. the Bankruptcy Court, when the various rulings at issue were made. *See id.* (citing *Boone v. Carlsbad Bancorp., Inc.*, 972 F.2d 1545, 1549 n. 1 (10th Cir.1992)). As such, this Court will not entertain Appellant's argument that Appellee failed to comply with full disclosure as mandated by Rule 2014(a) because FirstBank is party in interest since it filed a proof of claim and its name appears twice in the Master List.

However, this Court may address Appellant's argument that FirstBank's future loan commitment with Camarero made it a party in interest because said entity had substantial financial interest in the outcome of the case. However, the Court notes that Appellant's objection to this portion of the Report and Recommendation is a mere restatement of the arguments considered by the Magistrate–Judge. *See Castro–Rivera v. Citibank*, 195 F.Supp.2d 363, 365 (D.P.R.2002) (finding that the Court need not seriously consider an objecting party's filing where it simply restates the arguments that the Magistrate–Judge previously considered). Nonetheless, this Court will effect a *de novo* review of Appellant's claim that

FirstBank became a party in interest because it acquired the right to grant Camarero a $60 Million loan to finance the purchase of the estate assets.

The central statutory provision governing conflicts of interest of counsel can be found in Section 327(a) of the Bankruptcy Code which provides in pertinent part that: "the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). The requirements that an attorney employed as a bankruptcy professional be a "disinterested person" and that it hold no interest adverse to the estate serve the important policy of ensuring that all such professionals tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities. *Rome*, 19 F.3d at 58. Bankruptcy Code § 101(14) defines a "disinterested" party as "one who is 'not a creditor, an equity shareholder, or an insider,' nor presently, or 'within two years before [bankruptcy], an ... officer ... of the debtor,' and does not have 'an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders' for 'any reason.'" *Rome*, 19 F.3d at 58 (citing 11 U.S.C. § 101(14)). Hence, section 101(14) requires that professionals be free of any "scintilla of personal interest" which might impact their decisions in estate matters. *In re El San Juan Hotel Corp.*, 239 B.R. at 646.

The phrase "interest materially adverse to the interest of the estate" is not defined in the Code. Our Circuit interprets it as "the possessing or asserting of any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant or possessing a predisposition under circumstances that render such a bias against the estate real." *Id.* (internal citations omitted). Additionally, "an 'adverse interest' has been described in pragmatic terms as the 'possession or assertion [of] mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute between rival claimants as to which ... of them the disputed right or title to the interest in question attaches under valid and applicable law; or (2) [the possession of] a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities.'" *Rome*, 19 F.3d at 58 n. 1.

The Bankruptcy Court has the duty to determine using a fact specific inquiry whether any such conflict exists. *Id.* To determine whether the requirements of disinterestedness and absence of a materially adverse interest have been met, the Court must examine whether the targeted interest creates a "meaningful incentive to act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to place those parties at more than acceptable risk—or the reasonable perception of one." *In re El San Juan Hotel Corp.*, 239 B.R. at 646 (citing *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987)). As mentioned above, if the fact-specific inquiry leads the bankruptcy court to conclude that an impermissible conflict of interest looms or exists, available sanctions include disqualification and the denial or disgorgement of all fees. *Id.* We review the Bankruptcy Court's factual findings for clear error and its conclusions of law de novo. *Id.*

As mentioned previously, Appellant argues that FirstBank's future loan commitment with Camarero made it a party in interest because it had a economic interest

in the outcome of the case. Appellant brings to this Court's attention the fact that during the Chapter 11 proceedings Debtors filed a plan of reorganization which proposed to keep the assets of the estates and continue to operate the racetrack. On the other hand, the Indentured Trustee proposed a Plan where Camarero was the purchaser of Debtor's assets and FirstBank was the financing institution. According to Appellant, this situation created a potential and actual conflict of interest because Appellee in order to protect the interests of Debtors, its clients in the case at bar, would have to litigate against the interests of FirstBank, which is its principal client in other matters. This Court disagrees.

■■■ This Court finds that Appellee did not fail to comply with Rule 2014(a)'s continuous disclosure requirement because FirstBank was not a party in interest before the estate's asset purchase took place. The term "parties in interest" includes entities holding "claims" against the debtor and those whose pecuniary interests might be directly and adversely affected by the proposed action. *See In re Savage Indus.*, 43 F.3d 714, 720 (1st Cir.1994). Prior to the asset purchase that took place on January 2007, FirstBank was not a party in interest even though it had a future loan commitment with Camarero. As the Bankruptcy Court correctly noted, FirstBank's relationship with Camarero made it a mere observer of the proceedings waiting to see if their potential client would need the credit offered. Furthermore, it is important to stress that FirstBank was represented by different counsel in the proceedings. As such, Appellee did not have a meaningful incentive to act contrary to the Debtors' best interests even though FirstBank was one of Appellee's principal client in other matters not related to the present case. This is further evidenced by the fact that the Bankruptcy Court specifically noted at the end of its Opinion and Order that Appellee "at all times during the case, showed its undivided loyalty to Debtors evidenced by the multiple oppositions to the Indentured Trustee's proposal, and appeals of orders in favor of the Indentured Trustee and consequently, Camarero." Hence, this Court finds that the important policy of ensuring that all professionals tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities has been met here.

Bankruptcy courts have been accorded wide discretion in determining whether a conflict exists which warrants sanctions. *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987). The bankruptcy judge is on the front line and, therefore, in the best position to gauge the ongoing interplay of factors and to make this delicate judgment call. *Id.* "If he perceives a materially adverse interest, he has at his disposal an armamentarium of permissible remedies, including (but by no means limited to) disqualification, disallowance of all or some fees, and invalidation of the security interest." *Id.* at 182–183. In the case at bar, the Bankruptcy Court determined that there was no conflict of interest which warranted sanctions. This Court sees no reason to disturb the Bankruptcy Court's judgment. For these reasons, the Court will adopt the Magistrate Judge's recommendation that the Bankruptcy Court's decision be affirmed. Appellee's compensation will be provided as stated by the Bankruptcy Court's Opinion and Order.

2) *Post–Judgment Interest under 28 U.S.C. § 1961*

■■■ Now, we shall proceed to address Appellant's final objection to the Report and Recommendation. Namely, Appellant avers that post-judgment interest should

not be imposed on the Bankruptcy Court's Order pursuant to 28 U.S.C. § 1961. According to Appellant, 28 U.S.C. § 1961 is not applicable to the allowance of attorneys' fees as an administrative expense in bankruptcy cases. This Court agrees.

■ 28 U.S.C. § 1961 provides for interest on money judgments in civil cases. *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985). That statutory provision applies to some judgments entered by Bankruptcy Courts. *In re Thrall*, 196 B.R. 959, 962 (Bankr.D.Colo.1996)(internal citations omitted). However, judgements which do not involve monetary awards are not subject to 28 U.S.C. § 1961. *Id.* Section 1961 is inapplicable to the grant of attorneys' fees in a bankruptcy case because attorneys' fees in bankruptcy are an expense of administering the estate and, therefore, do not constitute a money judgment. *St. Paul Fire & Marine Ins. Co.*, 779 F.2d at 1010.

Thus, post-judgment interest pursuant to 28 U.S.C. § 1961 cannot be awarded to Appellee because the Bankruptcy Court's Order is not a monetary award since Appellee's compensation is an expense of administering the estate. Consequently, this Court will reject the Magistrate Judge's recommendation that Appellee's request for post-judgment interest be remanded to the Bankruptcy Court for determination.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** in part and **REJECTS** in part the Magistrate Judge's Report and Recommendation. (Docket No. 38). The Bankruptcy Court's Opinion and Order granting Appellee's request for compensation of attorneys' fees shall be **AFFIRMED.** Appellee's request for post-judgment interest shall be **DENIED.** Judgment shall be entered **AFFIRMING** the Bankruptcy Court's Judgement and **DISMISSING** the case at bar.

IT IS SO ORDERED.

