**Blanche SACKALL**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 83–0632 S.**

United States District Court, D. Rhode Island.

June 4, 1984.

Capineri & Crowley, Joseph A. Capineri, Pawtucket, R.I., for plaintiff.

Lincoln C. Almond, U.S. Atty., Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., for defendant.

---

## MEMORANDUM AND ORDER

SELYA, District Judge.

The instant matter is before the court under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for judicial review of a "final decision" of the Secretary of Health and Human Services denying disability insurance benefits beyond December of 1982. This matter was referred to a United States Magistrate for preliminary review, findings, and recommended disposition as to plaintiff's motion to reverse, remand and-or reconsider and defendant's cross-motion for an order affirming the decision of the Secretary. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976); 28 U.S.C. § 636(b)(3). Magistrate DeCesaris, in a memorandum filed on May 21, 1984 (Report), recommended that Sackall's motion be denied, and that the Secretary's cross-motion be granted. Report at 8. The plaintiff has objected to these findings and recommendations. The issue presented for determination in the instant case is whether substantial evidence exists on the record to support the decision of the Secretary that plaintiff failed to establish that she was under a disability within the meaning of the Act, 42 U.S.C. §§ 416(i), 423(d)(2), past the December, 1982 cut-off date.[1] Plaintiff, of course, has the burden of establishing her disability. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); 42 U.S.C. § 423(d)(5).

■ Both the travel of the case and the general outline of the facts are succinctly summarized in the Report, and it would be pleonastic to repeat them here. The objection to the Report is totally unfocussed. It comprises, in its entirety, a single sentence, reproduced in the margin,[2] which paints with the broadest stroke imaginable. It is unaccompanied by any brief, memorandum of authorities or other supporting documents. Nor can this omission be excused as the blunder of an unskilled and uninformed pro se litigant. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir.1980). This plaintiff is, and has been, represented by seasoned counsel in these proceedings.

Fed.R.Civ.P. 72(b) plainly provides that, with respect to a magistrate's recommended disposition on a dispositive motion, a party disenchanted thereby may, within the fixed 10-day period,[3] protest the recommendation. To do so, such party is ordained to "serve and file specific, written objections to the proposed findings and recommendations." *Id.* And, Local Rule 32(c)(2) of this court is even blunter. It admonishes, with regard to dispositive motions, that:

> Any party may object to the magistrate's proposed findings, recommendations or report issued under this rule within 10 days after being served with a copy thereof. *Such party shall file with the clerk of court and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection...* (emphasis added)

These rules serve a clear and sensible purpose: if the magistrate system is to be effective,[4] and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the latter's Fed.R.Civ.P. 11 obligations, can in good conscience com-

---

1. The ALJ did allow a period of disability from April 20, 1981 through December of 1982.

2. The objection reads:

   Now comes the plaintiff in the above-entitled case, and hereby objects to the findings and recommendations of Magistrate DeCesaris dated May 21, 1984.

3. The instant objection is timely, *i.e.,* filed within 10 days of the entry of the Report.

4. Magistrates, after all, exist within the federal judicial framework "to assume some of the burden imposed [on the district courts] by a burgeoning caseload." *Chamblee v. Schweiker,* 518 F.Supp. 519, 520 (N.D.Ga.1981).

plain to the district judge that an objection to a particular finding or recommendation is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law..." The federal procedural scheme thus calls for rifle-shot objections, and its legitimate purposes are frustrated by a vague shotgun blast such as Sackall has loosed. The court, rather than being directed to a genuine bone of contention, is left, on this claimant's approach, to rummage through the haystack in search of the most evanescent of needles.[5]

A blunderbuss objection of this sort is, in the view of this court, no objection at all. Accordingly, the Report should be approved for this reason alone, in the absence of clear error on the face of the record. *See Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980); *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974); *Chamblee, supra. And see* Local Rule 32(c)(3).

█ Moreover, in the case at bar, the court need not content itself with "clear error" review. Given the allocation of the burden of proof, upon review of the record as a whole, the Secretary's decision in this case passes muster without serious question. The medical evidence is at best conflicting; much of it favors the government's position. *See, e.g.*, Dr. J. Wallace Conklin, T. 129 ("She has minimal objective evidence, it was felt she could be doing something."). Sackall's accustomed work (*e.g.*, T. 21, 22, 23) was varied and fairly light in nature. And, her complaints of pain were addressed and rejected by the ALJ (*e.g.*, T. 13: the "severe unremitting ... pain and degree of impairment the claimant described is not credible.").[6] The ALJ had the advantage of observing the witnesses and of listening to the testimony. Once administrative adjudication has occurred, it is the court's function, as to matters of fact, to determine only the existence of "substantial evidence" *vel non* —not to hear the claim de novo. And, in so doing, "conflicts and contradictions in the evidence are to be resolved by the Secretary, not the court." *Sitar v. Schweiker*, 671 F.2d 19, 22 (1st Cir.1982) (citing *Rodriquez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981). Just as "the Secretary is not at the mercy of every claimant's subjective assertions of pain," *Miranda v. Secretary of HEW*, 514 F.2d 996, 1000 (1st Cir.1975), "the Secretary is not bound to accept essentially anecdotal evidence of incapacity...". *Cabral*, slip op. at 4.

In the case at bar, an inference of bona fide disability is not a persuasive or compelling one. And, the reasoning of the magistrate is sufficiently well articulated in this instance that more detailed comment by the court would be supererogatory. On this record as a whole, the plaintiff has failed to sustain her burden as to want of substantial evidence on the incapacity issue. The ALJ's findings were both reasonable and responsive to the proof (or the lack thereof) as adduced at the hearing, and consistent with the allocation of the devoir of persuasion.

Accordingly, for both of the reasons mentioned, the claimant's objection to the Report (such as it is) must be, and hereby is, overruled. The recommendations contained in the Report are accepted, approved and confirmed. The court finds that the final decision of the Secretary is bottomed upon constitutive evidence in the record; and, therefore, the plaintiff's motion to reverse, remand or reconsider is denied and the Secretary's cross-motion to affirm is granted.

*It is so ordered.*

---

**5.** As this court recently observed in a different (but analogous) context:
> [T]he ability to analyze the contents of a vacuum is more a task for a theoretical physicist (or perhaps a soothsayer) than for a judicial officer.

*Cabral v. Schweiker*, No. 82–0285, slip op. at 3 (D.R.I. March 5, 1984).

**6.** The ALJ, in this respect, met the appropriate legal standard. *Szumilas v. Heckler*, No. 82–0484, slip op. at 2–5 (D.R.I. Feb. 27, 1984).