**Dr. Ivonne MONFORT–RODRIGUEZ, Plaintiff(s),**

v.

**Cesar Rey HERNANDEZ, et al, Defendant(s).**

**Civil No. 01–1276(JAG).**

United States District Court, D. Puerto Rico.

Sept. 22, 2003.

Jesus M. Hernandez–Sanchez, Raul Barrera–Morales, Hernandez Sanchez Law Firm, San Juan, PR, for Plaintiffs.

Ivonne Palerm–Cruz, Jose A. Santiago–Rivera, Commonwealth Department of Justice, Rafael Escalera–Rodriguez Reichard & Escalera, Salvador J. Antonetti–Stutts, Pietrantoni, Mendez & Alvarez, Iv-

ette Berrios, Landron & Vera LLP, Eileen Landron–Guardiola, San Juan, PR, Luisselle Quinones–Maldonado, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before this Court are plaintiffs' objections (Docket No. 78) to United States Magistrate–Judge Gustavo A. Gelpí's Report and Recommendation (Docket No. 76) on the motion for summary judgment filed by defendant Cesar Rey Hernandez (Docket No. 35). Magistrate–Judge Gelpí recommended that the motion for summary judgment be granted. After reviewing the objections, the Court ADOPTS the Report and Recommendation.

### *Standard of Review*

■ A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to

review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992) (citations omitted).

### *Factual Background*

On or around January 2, 2001, defendant was named Secretary of Education of the Department of Education by Governor Sila María Calderón. This appointment was made under the New Popular Democratic Party (P.D.P.) Administration, ushered into power in Puerto Rico after the November 2000 General Elections. One of defendant's first tasks was to request an inventory or list of all trust positions in the Department of Education. Newly-appointed Ms. Lizzete Pillich, Secretary of Human Resources at the agency, provided the inventory or list. Plaintiffs Dr. Ivonne Monfort, Juanita Flores de Siaca, Carmen J. Rivera Rivera, and Maria M. Coss Martinez were considered to be trust employees and shortly thereafter were removed from their positions.

Defendant filed a motion to dismiss on May 8, 2001 (Docket No. 4), timely opposed by plaintiffs and subsequently denied on April 8, 2002 (Docket No. 31). Defendant then filed a motion for summary judgment on October 4, 2002 (Docket No. 35), alleging that plaintiffs have not met the burden of proof necessary to establish a *prima facie* case of political discrimination. Plaintiffs opposed said motion on November 11, 2002 (Docket No. 41), and this Court referred the motion for summary judgment to Magistrate–Judge Gelpí for a Report and Recommendation. On January 28, 2003, the Magistrate–Judge ordered both parties to submit additional memoranda as to two specific issues regarding (Docket No. 70), and the parties complied (Docket Nos. 71, 72). Subsequently, the Magistrate–Judge issued a report recommending that the summary judgment motion be granted.

## Discussion

Plaintiffs filed their objections to the Magistrate's Report and Recommendation on March 27, 2003 (Docket No. 78). In essence, plaintiffs' objections simply restate the arguments that the Magistrate–Judge considered. Under this premise, they cannot expect the Court to treat the filing seriously. In their objections,—for the most part poorly organized and repetitive—plaintiffs disagree with the Magistrate's factual findings but offer nothing to bolster their objections except their own interpretation of the evidence. In addition, plaintiffs do not offer any new substantive arguments in favor of their position.

The Court's review of the record leads it to concur with Magistrate–Judge Gelpí's conclusion that plaintiffs have not met their burden of proof to establish a *prima facie* case of political discrimination. Moreover, this Court finds that plaintiffs have failed to provide admissible evidence, either direct or circumstantial, of political discrimination on the part of defendants.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate–Judge Gustavo A. Gelpí's Report and Recommendation and **GRANTS** defendant's motion for summary judgment. In addition, the Court grants defendant the Department of Education's motion that the Report and Recommendation be accepted as to all defendants (Docket No. 77). Therefore, this matter is **dismissed with prejudice** as to all defendants. Judgment shall enter accordingly.

All pending motions are hereby moot.

IT IS SO ORDERED.