Eliezer **GONZALEZ–RAMOS,**
et al., Plaintiffs

v.

**EMPRESAS BERRIOS, INC.,**
et al., Defendants.

Civil No. 03–1776(JAG).

United States District Court,
D. Puerto Rico.

March 18, 2005.

Gary Klein, Roddy Klein & Ryan, Boston, MA, Juan Manuel Suarez–Cobo, Suarez Cobo Law Office, San Juan, PR, for Plaintiffs.

Antonio L. Roig–Lorenzo, Hermann D. Bauer–Alvarez, Michelle Marichal–Soderberg, O'Neill & Borges, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are defendant's objections to United States Magistrate–Judge Delgado's Report and Recommendation (Docket No. 85), recommending that defendant's Motion for Partial Summary Judgment be denied. After reviewing the Magistrate's findings, as well as defendant's timely objections, the Court hereby **ADOPTS** the Report and Recommendation.

### I. Procedural Background

On July 17, 2003, the plaintiffs filed the present action against the defendants via a proposed class action[1] suit alleging violations of the Truth in Lending Act, 15 U.S.C § 1601 et seq. ("TILA"). (Docket No. 1) Two months later plaintiffs amended the original Complaint. (Docket No. 2) Pursuant to plaintiffs' request and subsequent grant by the Court the plaintiffs' again amended the Complaint on August 4, 2003 to add defendant E.B.M. Bayamón Oeste, Inc. (Docket No. 41). On August 12, 2004, co-defendant Empresas Berrios, Inc. ("Berrios") filed a Motion for Partial Summary Judgment (Docket No. 45) requesting their dismissal from this action. On December 09, 2004, the Court referred defendant Berrios' Motion for Partial Summary Judgment for a Report and Recommendation (Docket No. 83).

### II. Facts[2]

The Second Amended Complaint alleges that the department store Empresas Berríos, Inc. d/b/a Mueblerías Berríos and its affiliate E.B.M. Bayamón Oeste, Inc. made a consumer loan to the "class" plaintiff

---

1. Plaintiffs have yet to be certified as a class pursuant to Fed.R.Civ.P. 23(c)

2. The facts are hereby taken from the Magistrate's Report and Recommendation.

Eliezer González–Ramos ("González") for the purchase of home furnishings. González alleges that the defendants failed to comply with the applicable consumer law protections governing disclosure of loan terms, in violation of the Truth in Lending Act as well as 12 C.F.R. § 226. The Retail Installment Sales Contract is attached to the original Complaint. (Docket No. 1, Ex. A).

The Second Amended Complaint alleges that González obtained a $1,703 loan from defendants on July 17, 2002, with an annual percentage rate of 23.00% but in making the truth in lending disclosures defendants failed to advise of various credit insurance charges and other applicable finance charges. Plaintiffs allege that the cost of property and credit insurance sold by defendants to González is a finance charge which were not adequately disclosed to González at the moment of the purchase. González further alleges that by failing to include the cost of insurance in the finance charge, as required, the true annual percentage rate was misstated. The annual percentage rate was disclosed at 23% and with the additional charges included it increased the rate to 33.92%. Plaintiffs seek statutory damages, attorney's fees and such other relief as the Court deems proper.

### III. Magistrate's Findings

■ The Magistrate found that the ultimate resolution of the defendant's Motion for Partial Summary Judgment rests on the issue of whether defendant Empresas Berríos, Inc. is a statutory creditor under the provisions of the TILA.[3] Defendant

---

3. The purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and to avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit

alleges and provide sworn statements to maintain that E.B.M. Bayamón Oeste, Inc. and Empresas Berríos are separate entities, with Empresas Berríos Inc. being the sole shareholder of the former. (*See* Docket No. 75, Ex. A). At this stage of the proceedings neither the Court, nor the Magistrate, rejects this argument in its entirety. However, the record contains sufficient documentary evidence supporting the conclusion that defendant Berrios has failed to show that plaintiffs' position has insufficient evidentiary support.

Specifically, the record is clear in showing that: (1) the Retail Installment Sales Contract ("RISC") submitted into evidence is devoid of any reference to E.B.M. Bayamón Oeste, Inc.; (2) a Certification form from the Puerto Rico State Department indicates E.B.M. Bayamón Oeste, Inc. is *not* authorized to operate as a financing company under the Retail Installment Sales and Financing Companies Act (Docket No. 68, Ex. 1); (3) the Installment Sales Form, dated July 17, 2002, names Empresas Berríos as the Insured Creditor (*Id.* At Ex. 5); (4) the Assignment and Transfer clause of the RISC states, [t]his assignment and transfer is executed under this Installment Sales Contract signed by the undersigned and Empresas Berríos, Inc. (*Id.* At Ex. 8); and(5) Empresas Berríos filed the Proof of Claim before the Bankruptcy Court attempting to collect plaintiff's delinquent account.[4]

At this stage of the proceedings neither the Court, nor the Magistrate, rejects either parties argument. However, the Court is well aware of the standard for summary judgment as applied by the First Circuit.[5] And, in applying that standard, this Court is hard pressed to justify coming to any other conclusion but that the plaintiffs have proffered sufficient documentary evidence for material issues of fact on Empresas Berríos Inc.'s status as a statutory creditor for purposes of the TILA. Plaintiffs' documentary evidence set out above is, therefore, enough to defeat defendant's Motion for Partial Summary Judgment, because a trier of fact must weigh the evidence on the crucial issue at hand.

### IV. Standard of Review

■■ A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. (*See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b)); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of

card practices." 15 U.S.C. § 1601. There are certain disclosures required under the TILA. One of those disclosures is "the identity of the creditor required to make disclosures." 15 U.S.C. § 16378(a)(1).

4. The Court notes defendant's contention that Empresas Berríos Inc. serves as an agent to its subsidiary companies in the management of delinquent and defaulted accounts of customers who have filed for bankruptcy. This contention, however, is insufficient to abolish as a matter of law Empresas Berrios' liability.

5. The party opposing summary judgment must produce "specific facts, in suitable evidentiary form," to counter the evidence presented by the movant. *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 413 (1st Cir.2000) (quoting *Morris v. Gov't Dev. Bank of P.R.,* 27 F.3d 746, 748 (1st Cir.1994)). A party cannot discharge said burden by relying upon "conclusory allegations, improbable inferences, and unsupportable speculation." *Id.; see also Carroll v. Xerox Corp.,* 294 F.3d 231, 236–37 (1st Cir.2002) (quoting *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir.1996)) (" '[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.").

the order. (*See* 28 U.S.C. § 636(b)(1)). Since defendant Berrios has filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. (*See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)); (*see also Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998)). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate," however, if the affected party fails to timely file objections, " 'the district court can assume that they have agreed to the Magistrate's recommendation.' " *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F. Supp2d 144, 146 (D.P.R.2003) (quoting, *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

## V. Discussion

■ Fed.R.Civ.P. 72(b) provides that a party may file specific, written objections to the proposed findings and recommendations of a Magistrate–Judge. Likewise, Local Rule 72(d) states that "[t]he written objection[ . . . ]shall specifically identify the portion of the proposed[ . . . ]recommendation or report to which an objection is made and the legal basis for such objection." The objections presented, however, are not to be construed as a second opportunity to present the arguments already considered by the Magistrate–Judge. Specifically, in *Sackall v. Heckler*, 104 F.R.D. 401 (D.R.I.1984) the Court has established that:

> "[i]f the Magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the Magistrate except in those areas where council, consistent with the [Fed-

eral Rule of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law ..." *Id.* at 402–403.

■ Here, the defendant's have identified portions of the Report and Recommendation to which they object, however, consistent with the standard in *Sackall* the objections are not to be construed as a second opportunity to present an already considered argument and therefore must be denied.

With respect to co-defendant's Objections, this Court finds that they fail to comply with the procedural requirements set out in Rule 72(b) in that the defendant has failed to specifically point to specific objectionable portions of the Magistrate's Report and Recommendation. The defendant has once again put before the Court the crux of the issue of this particular proceeding, namely, whether or not Empresas Berríos, Inc. is a statutory creditor under TILA.

Sections "A" and "B" of the defendant's objections have done nothing more than present a unilateral interpretation of the facts as to the ultimate issue in this case, already extensively discussed in their Motion for Partial Summary Judgment. The objections simply rehash plaintiff's and defendant's respective Statements of [Un-]contested Facts and give their own interpretation of the facts and law. Reiterating Empresas Berríos, Inc.'s status as a party to the financing contract which would trigger its potential inclusion as a creditor under the TILA. The Magistrate–Judge, adequately addressed this issue, and we see no point in revisiting it here.

Inasmuch as defendant Berrios' objections are mere restatements of the argu-

ments already discussed by the Magistrate Judge, the Court will review the Report and Recommendation *de novo* without the benefit of a proper objection. (*See Castro–Rivera,* 195 F.Supp.2d 363, 365 (D.P.R. 2003)) (where court found that plaintiffs simply restated the arguments that the magistrate had already considered, and thus cannot expect the Court to treat their findings seriously); (*see also Monfort Rodriguez v. Hernandez),* where the Court found plaintiff's objections were simply restatements of the arguments that the Magistrate–Judge had already considered, and that they "offered nothing to bolster their objections except their own interpretation of the evidence." 286 F.Supp.2d 119, 121 (D.P.R.2003).

### VI.  Conclusion

In light of the foregoing, the Court, on *a de novo* review, finds no clear error in the Magistrate's legal findings given that they are sufficiently supported by the record. Therefore, this Court **ADOPTS** the Magistrate's recommendation and **DENIES** defendant Berrios' Motion for Partial Summary Judgment.

It is so ORDERED.