José VÉLEZ–PADRO, Plaintiff, Appellant,

v.

THERMO KING DE PUERTO RICO, INC., Defendant, Appellee.

No. 05–2661.

United States Court of Appeals, First Circuit.

Heard Sept. 6, 2006.

Decided Sept. 29, 2006.

Carlos M. Vergne Vargas with whom Carlos M. Vergne Law Office was on brief for appellant.

Edwin J. Seda–Fernández with whom Martel Y. Haack and Adsuar Múñiz Goyco & Resosa, P.S.C. were on brief for appellee.

Before BOUDIN, Chief Judge, SELYA, Circuit Judge and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

■ José Vélez–Padro ("Vélez") appeals the summary judgment dismissing his action against Thermo King de Puerto Rico, Inc., for violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, (ADEA) and dismissing supplemental claims. The district court referred Thermo King's summary judgment motion to a magistrate judge who recommended that it be granted. Vélez filed timely objections to the report with the district judge. The court considered that the objections "merely echo the arguments already raised in [plaintiff's] opposition to summary judgment" and that plaintiff had therefore failed to comply with Federal Rule of Civil Procedure 72(b) and Local Rule 72(d). It held that it would not consider the objections and would not perform

a de novo review of the portions of the Report and Recommendation objected to. Having found "no clear error of law or fact," the court adopted the Report and Recommendation and dismissed the ADEA claims with prejudice and the supplemental claims without prejudice.

Rule 72(b) provides that a party may serve and file "specific, written objections to the proposed findings and recommendations." Local Rule 72(d) further provides that such objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection." Vélez contends that his objections complied with both rules and that the court erred in refusing to perform de novo review. The objections were fourteen pages in length and presented a detailed challenge of the Report's factual and legal analysis of Vélez's claims.

■ Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b). *See Sackall v. Heckler*, 104 F.R.D. 401, 403 (D.R.I.1984); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995) ("general objections" insufficient); *Howard v. Secretary of HHS*, 932 F.2d 505, 508–09 (6th Cir.1991)(same); *cf. Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir.1999) (party seeking review must specify the issue for which review is sought but not the legal or factual basis.) Vélez's objections were detailed and gave specific notice of his grievance. By any measure, his objections pass muster under the rules. That they may be read as echoing arguments made before the magistrate judge does not alter that conclusion. The district court erred in failing to perform the

* Of the Northern District of California, sitting by designation.

required de novo review.[1]

## CONCLUSION

For the reasons stated, we vacate the judgment and remand the matter to the district court for de novo review.

***Vacated and Remanded.*** Each party will bear his/its own costs.

1. 28 U.S.C. § 636(b)(1) provides that upon the filing of objections to a recommendation on a dispositive motion (like a motion for summary judgment) by a magistrate judge, the district judge "shall make a de novo determination of those portions of the ... recommendations to which objection is made."