**UNITED STATES of America,**
**Plaintiff,**

v.

**Jorge MERCADO–CAÑIZARES,**
**Defendant.**

**Civil No. 12–081 (FAB).**

United States District Court,
D. Puerto Rico.

June 27, 2012.

Victor O. Acevedo–Hernandez, United States Attorneys Office, San Juan, PR, for Plaintiff.

Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is a Report & Recommendation ("R & R") issued by United States Magistrate Judge Silvia Carreño–Coll. (Docket No. 53.) The magistrate judge recommends that defendant Jorge Mercado–Cañizares' ("Mercado") motion to suppress be denied. *Id.* at p. 9. After an independent review of the record and defendant Mercado's objections to the R & R, (Docket No. 66), the Court **ADOPTS** the R & R and **DENIES** the defendant's motion to suppress.

### I. Background

On January 31, 2012, defendant Mercado was charged with possession of a firearm by a convicted felon. (Docket No. 7.) The firearm was recovered during a warrantless search of Mercado's vehicle by the Puerto Rico Police Department ("PRPD") during an investigation of a robbery of a Puma gas station in Ponce, Puerto Rico that occurred on January 29, 2012. (Docket Nos. 53 at p. 1, 20 at pp. 1–2.) On March 14, 2012, defendant Mercado filed a motion to suppress the weapon, and argued that the search and seizure conducted by the PRPD violated his Fourth Amendment rights. (Docket No. 20 at pp. 1–2.) On March 15, 2012, the Court referred the motion to suppress to Magistrate Judge Carreño–Coll for an R & R. (Docket No. 21.) The magistrate judge held a suppression hearing in two sessions, on April 16 and May 8, 2012. (Docket No. 53 at p. 1.) The hearing focused on whether PRPD Agent Wilmer Estrada–Batista ("Agent Estrada") lied when he said he found the weapon in plain view when he looked into the vehicle.

(*See* Docket Nos. 42 and 61.) During the hearing, defendant Mercado questioned Agent Estrada about his PRPD administrative record; at the time of questioning, defendant Mercado had only received a summary of the administrative record. (*See* Docket No. 53 at p. 4, n. 4.) Since the hearing, the full administrative record has been provided to defendant Mercado and he has moved for leave to file a supplementary motion attaching relevant documents from this administrative record. (Docket No. 50.) In her R & R, the magistrate judge denied this motion to file supplementary documents because she decided "the suppression motion on grounds that make irrelevant Agent Estrada's truthfulness regarding where he found the weapon." (Docket No. 53 at p. 4, FN 4.) Specifically, the magistrate judge decided that it was unnecessary to determine whether the firearm was in plain view because another exception—the automobile exception—to the Fourth Amendment requirement for a warrant to conduct a search and seizure applies. *Id.* at p. 5. Therefore, the magistrate judge recommended that defendant Mercado's motion to suppress be denied. *Id.* at p. 9.

On June 15, 2012, defendant Mercado filed his objections to the magistrate judge's R & R. (*See* Docket No. 66). In short, defendant Mercado argues (1) that the magistrate judge erred because there was insufficient probable cause to search the vehicle under the automobile exception; and (2) that the magistrate judge erred by refusing to address the credibility of Agent Estrada about seeing the firearm in plain view. *Id.*

On June 18, 2012, defendant Mercado submitted a video and photographs via a "Sealed Motion Submitting Evidence." (Docket No. 68.) On June 19, 2012, the Court ordered defendant to "inform the Court, no later than June 22, 2012, whether the video was part of the evidence submitted to the magistrate judge during the suppression hearing." (Docket No. 69.) The Court also ordered defendant Mercado to explain why the video was not submitted previously and if it was submitted, why it should remain sealed. *Id.*

On June 22, 2012, defendant Mercado submitted a motion in compliance, (Docket No. 70), with the Court's order, (Docket No. 69). Defendant Mercado argues that the video, (Docket No. 68), was not submitted as evidence during the suppression hearing because the hearing was "based on the government's version of facts that a firearm was inside a vehicle at plain view of the police officers," (Docket No. 70 at p. 1). The government, defendant contends, "had the burden of production and persuasion" and did not submit the video into evidence during the hearing. *Id.* at pp. 1–2. Furthermore, defendant Mercado argues that "the government did not present evidence supporting the proposition that the searched vehicle had been used in the Puma gas station robbery," which occurred two days prior to the search. *Id.* at p. 2. After the magistrate judge issued the R & R, the defendant objected to the magistrate judge's finding that the car searched was a similar color, make, and model to one that was allegedly used in the Puma gas station robbery. *Id.* Defendant Mercado argues that the video further supports this objection. *Id.* The Court will address each of defendant Mercado's objections in turn.

## II. Legal Standard under 28 U.S.C. § 636(b)(1)

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objec-

tions within fourteen days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1) (2012); Loc. Rule 72(d). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). Furthermore, the objecting party must put forth more than "[c]onclusory objections that do not direct the reviewing court to the issues in controversy." *Velez–Padro v. Thermo King de Puerto Rico, Inc.,* 465 F.3d 31, 32 (1st Cir.2006). Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, "the district court should be spared the chore of traversing ground already plowed by the Magistrate." *Gonzalez–Ramos v. Empresas Berrios, Inc.,* 360 F.Supp.2d 373, 376 (D.P.R.2005) (citing *Sackall v. Heckler,* 104 F.R.D. 401 (D.R.I. 1984)). The party's objections must be grounded "in fact ... and warranted by existing law or a good faith argument for the extension" rather than a reiteration of arguments already considered and rejected by the Magistrate Judge. *Id.*

■ In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2012); *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). The Court may also accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. Gen. Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I.2004)).

## III. Discussion

### A. The Fourth Amendment's Prohibition of "Unreasonable Searches and Seizures"

■ The Fourth Amendment of the United States Constitution prohibits "unreasonable searches and seizures." U.S. CONST. Amend. IV.[1] This prohibition makes warrantless searches presumptively unreasonable. *See Groh v. Ramirez,* 540 U.S. 551, 559, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (internal citation omitted). There are, however, exceptions to the warrant requirement to conduct a search and seizure. *See Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). "One of these exceptions is for items in plain view."[2] *See, e.g., United States v. Sanchez,* 612 F.3d 1, 4–5 (1st Cir.2010) (internal citations omitted). Another exception is known as the "automobile exception," which provides that a search of an automobile without a warrant

---

1. The Fourth Amendment provides the following:

    "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

2. As indicated above, the two-part hearing that took place on April 16 and May 18, 2012 focused on whether Agent Estrada lied when he said he found the weapon in plain view when he looked into the vehicle. The magistrate judge, however, found that the automobile exception to the warrant requirement under the Fourth Amendment applies.

is justified as long as the search was supported by probable cause that the vehicle contained evidence of illegal activity. *Arizona v. Gant*, 556 U.S. 332, 347, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (internal citation omitted) (discussing how one of the "established exceptions to the warrant requirement" allows a "search of any area of the vehicle" for evidence of criminal activity if "there is probable cause to believe a vehicle contains [such evidence]"); *see also United States v. Ross*, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) ("In [the] class of cases [involving the automobile exception], a search is not unreasonable if based on objective facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained.") Furthermore, the First Circuit Court of Appeals has emphasized that probable cause only requires a " *'fair probability* that contraband or evidence of a crime [would] be found in a particular place.' " *United States v. Woodbury*, 511 F.3d 93, 97–98 (1st Cir.2007) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)) (emphasis added). This standard of fair probability does not require certainty; rather it requires that an officer "demonstrate that he reasonably believed [that] evidence of a crime would be found" in a particular location. *Id.* at 98.

## B. Defendant's Objections

■ Defendant Mercado makes two objections to the magistrate judge's findings in the R & R: (1) that there was insufficient probable cause to search the vehicle under the automobile exception; and (2) that the magistrate judge erred by refusing to address the credibility of Agent Estrada about seeing the firearm in plain view. The Court finds, however, that there was sufficient probable cause to search the vehicle under the automobile exception. Therefore, because the vehicle was searched pursuant to a valid exception to the warrant requirement, the Court need not address the arguments regarding the credibility of Agent Estrada in regards to the plain view exception to the warrant requirement.

In his objections to the magistrate judge's R & R, (Docket No. 66), defendant Mercado argues mainly that there is no evidence that a vehicle with a similar color, make, and model was used in the January 29, 2012 Puma gas station robbery. *Id.* at pp. 13–14. To support this contention, defendant Mercado uses the video of the robbery as support and argues that the video "does not show any vehicle." *Id.* at p. 13. Furthermore, he argues that "the only witness to the robbery did not provide information regarding the vehicle, if any, used by the assailant."[3] *Id.* Even if his contention is correct, defendant Mercado ignores other facts on which the magistrate judge based her finding of probable cause. Specifically, defendant Mercado ignores the fact that the searched vehicle, a gold Daewoo Lanos, matched the description of a vehicle used in *several* Ponce-area gas stations over the past two years. (Docket Nos. 53 at p. 2.) Indeed, the mag-

**3.** Defendant Mercado attached to his objections a two-page document entitled "Estado Libre Asociado de Puerto Rico, Policia de Puerto Rico, Informe de Incidente," (*see* Docket No. 66–1), which allegedly supports his contention that the only witness to the robbery gave no information about any vehicle. The document, however, was entirely in Spanish and fails to comply with Local Rule 5(g) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts. Certification by a federally-certified interpreter may be waived upon stipulation by all parties.") Furthermore, some of the writing on the document was illegible. (Docket No. 66–1 at p. 2.)

istrate judge explained in her R & R that after reviewing a video of the January 29, 2012 robbery, the Puerto Rico police officers "determined that the same person also robbed several other Ponce-area gas stations over the previous two years." [4] *Id.* This led them to go to defendant Mercado's home, where they found a vehicle parked on the street "matching the description of the car used in the gas station robberies." *Id.* Therefore, the magistrate judge found that "probable cause existed for the [police officers'] belief that the vehicle parked outside of Mercado's residence was the same vehicle used in the robberies." *Id.* at p. 7, n. 5 (citing *United States v. Lawson*, 410 F.3d 735, 740–41 (D.C.Cir.2005) (permitting a warrantless search of a vehicle upon a finding of probable cause that it might contain evidence of a bank robbery and that the vehicle was similar to the car used in at least one of the bank robberies that the defendant was arrested for)).

■ In order to establish probable cause, a police officer need only find a fair probability that evidence of criminal activity exists in the vehicle. *Woodbury*, 511 F.3d at 97–98; *see also United States v. Feliz*, 182 F.3d 82, 86 (1st Cir.1999) (internal citation omitted) ("the facts presented to the magistrate need only 'warrant a man of reasonable caution' to believe that evidence of a crime will be found"). Given these particular facts, the Court finds that sufficient probable cause existed for the police officers to believe that the gold Daewoo Lanos might have been used in the Puma gas station and other Ponce-area gas station robberies, and that the vehicle might contain evidence of criminal activity. Therefore, because probable cause existed

to search the car under the automobile exception, the Court does not need to address the credibility of Agent Estrada about seeing the firearm in plain view.

For the reasons expressed above, the Court **ADOPTS** Magistrate Judge Carreño–Coll's R & R and **DENIES** defendant Mercado's motion to suppress.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

SILVIA CARREÑO–COLL, United States Magistrate Judge.

Defendant Jorge Mercado–Cañizares stands charged with possession of a firearm by a convicted felon. Docket No. 7. The firearm on which this charge is premised was recovered during a warrantless search of Mercado's vehicle. On a referral from the presiding district judge, *see* Docket No. 21, a suppression hearing was held in two parts, on April 16 and May 8, 2012.[1] *See* Docket Nos. 35, 44. After considering all of the evidence, we find that the search of the vehicle was supported by probable cause. Accordingly, we recommend that the district court deny the motion to suppress.

On January 29, 2012, a Puma gas station in Ponce, Puerto Rico was robbed. Police of Puerto Rico ("POPR") agents, reviewing video of the incident, determined that the same person had also robbed several other Ponce-area gas stations over the previous two years. After an investigation, they determined that the individual responsible for the robberies was Defendant Mercado, and on the morning of January 31, 2012, POPR agents arrived at the home Mercado shared with his parents. Outside,

---

4. Indeed, at the April 16, 2012 hearing, Agent Estrada indicated several times that a gold Daewoo Lanos had been used in previous similar robberies. (Docket No. 42 at pp. 14 and 22.)

1. At the April 16, 2012, session, the court continued the hearing in order to give Mercado additional time in which to gather discovery and review evidence. *See* Docket No. 35.

parked on the street, they found a vehicle matching the description of the car used in the gas station robberies,[2] a gold-colored Daewoo Lanos. It is undisputed that after noticing the vehicle, POPR agents, without first obtaining a warrant, opened and searched the vehicle where it sat, finding a gun and items consistent with those stolen from the Puma gas station. The vehicle was later towed to a POPR facility, where photographs were taken of its contents. The weapon found in the vehicle is the basis for the felon-in-possession charges that Mercado currently faces.

As a general matter, the Fourth Amendment's prohibition on "unreasonable searches and seizures," U.S. CONST. amend. IV, makes warrantless searches presumptively unreasonable. *See Groh v. Ramirez,* 540 U.S. 551, 559, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (citing *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)). Exceptions exist, however. *See Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). At the suppression hearing, most of the testimony dealt with the plain-view exception. *See, e.g., United States v. Sanchez,* 612 F.3d 1 (1st Cir.2010). To this end, POPR Agent Wilmer Estrada–Batista testified on behalf of the Government. He said that he approached the gold Daewoo and, peering through the windshield, ob-

served the handle of a gun protruding from under the driver's seat. At that point, and after calling for a tow truck, Agent Estrada forced open the car and found the weapon.[3] Mercado, however, presented a witness whose testimony directly conflicted Agent Estrada's. She testified that while walking in the neighborhood that morning she saw the police in the area of Mercado's home and stopped to watch. She testified that she saw Agent Estrada, upon opening the vehicle, take from under the driver's seat a closed, black fannypack, from which he removed a gun. After showing the gun to his colleagues, Agent Estrada put the weapon back in the fannypack, which he then closed and returned to its place under the seat. If Agent Estrada's testimony is believed, the plain-view exception to the warrant requirement is clearly applicable. If the defense witness is believed, it is not.[4] *See, e.g., United States v. Weatherspoon,* 82 F.3d 697 (6th Cir.1995) (per curiam) (permitting the warrantless seizure of a gun from a locked car, where that gun was seen in plain view by the seizing officer). But we need not resolve the conflict over whether the gun was in fact in plain view because another exception applies in either case.

As early as 1925, the Supreme Court held that searches of automobiles, even

---

**2.** Before noticing the car, the POPR agents went to Mercado's home. Mercado came to the door and was asked to accompany the agents to the police station for questioning, and he apparently did so voluntarily, without an arrest being made. Mercado, then, was absent by the time the agents started examining the vehicle parked out front.

**3.** A further search of the vehicle, including of its trunk and glove compartment, revealed other items that matched the description of those taken from the Puma gas station.

**4.** The essential dispute at the hearing was over whether Agent Estrada lied when he said

he found the weapon in plain view. In support of his position, Mercado questioned Agent Estrada about his POPR administrative record, of which, at the time, Mercado had only received a summary. The full record has since been provided, and Mercado has moved the court for leave to file a supplementary motion attaching relevant documents from this file. *See* Docket No. 50. But because we would decide the suppression motion on grounds that make irrelevant Agent Estrada's truthfulness regarding where he found the weapon, we DENY Mercado's motion for leave to file.

without a warrant, were justified so long as the search was supported by probable cause that the vehicle contained contraband or evidence of illegal activity. *Carroll v. United States,* 267 U.S. 132, 155–56, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In *Carroll,* the exception was supported by, essentially, exigency: unlike a house, to which the warrant requirement applied strictly, an automobile could "be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Id.* at 153, 45 S.Ct. 280. Later cases, however, suggest that the exception is better justified by the diminished expectation of privacy that people have in their vehicles, the use and movement of which are thoroughly regulated. *See California v. Carney,* 471 U.S. 386, 392, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985) ("[T]he pervasive schemes of [vehicular and highway] regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met."); *Michigan v. Thomas,* 458 U.S. 259, 261, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982) (per curiam) (holding that even a immobilized car may be searched without a warrant, because the exception "does [not] depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant"). In any case, "the existence of probable cause justifies a warrant-

less seizure and reasonable search of a motor vehicle lawfully stopped in transit or parked in a public place, whether or not exigent circumstances prevailed at either the time of the seizure or the time of the search." *United States v. Panitz,* 907 F.2d 1267, 1272 (1st Cir.1990); *see also United States v. Polanco,* 634 F.3d 39, 43 (1st Cir.2011) ("[A]n impressive convoy of auto-exception cases holds that if the requisite probable cause exists it matters not whether the vehicle was already parked, whether it was searched at another locale, or even whether agents had time to obtain a warrant first." (internal citations omitted)); *United States v. Polly,* 630 F.3d 991 (10th Cir.2011) (" 'If there is probable cause to believe a vehicle contains evidence of criminal activity,' the warrant requirement does not apply to 'a search of any area of the vehicle in which the evidence might be found.' " (quoting *Arizona v. Gant,* 556 U.S. 332, 347, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009))); *see generally* 3 WAYNE R. LA FAVE, SEARCH & SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 7.2 (4th ed.).

Here, probable cause easily supported the POPR agents' search of the gold Daewoo: the car, parked just outside of Mercado's home, was a similar color, make, and model to that reportedly used in the Puma robbery. Moreover, Agent Estrada asked Mercado's father for permission to search Mercado's room for the car's keys, and, though none were found there, Mercado's father seems not to have given the agents any reason to believe the car was not the one used by Mercado.[5] Given these

---

**5.** The car is registered, in Agent Estrada's words, to a "lady ... from Juana Diaz," and Agent Estrada knew this at the time he searched it. However, he also testified that he believed the vehicle to belong to Mercado's parents. But regardless of who actually owned the vehicle, we believe been probable cause existed for the POPR agents' belief that the vehicle parked outside of Mercado's resi-

dence was the same vehicle used in the robberies. *See, e.g., United States v. Lawson,* 410 F.3d 735, 740–41 (D.C.Cir.2005) (allowing the warrantless search of a vehicle based on finding of probable cause that it might contain evidence of a bank robbery where, among other things, the vehicle "matched a physical description of the getaway car").

facts, the POPR agents were justified in believing that the vehicle might have been used in the robbery and might contain stolen goods or other evidence. Probable cause was therefore established and the warrantless search justified.[6] *See United States v. Woodbury*, 511 F.3d 93, 97–98 (1st Cir.2007) (emphasizing that probable cause requires only a fair probability that evidence of criminal activity will be found in a particular place); *United States v. Martinez–Molina*, 64 F.3d 719, 730 (1st Cir.1995) (Probable cause "exists where the facts and circumstances known to the . . . officers are sufficient to cause a person of reasonable caution to believe the search is justified. That is, there must have been particular facts indicating that, at the time of the search, the vehicle or container within it carried contraband, evidence of a crime, or other seizable material."); *see also* 3 SEARCH & SEIZURE § 7.2 ("When the police may proceed to search the vehicle without first obtaining a warrant, . . . only the procedure of acquiring a search warrant is being excused; there still must be grounds upon which a search warrant could have been issued."). We must therefore recommend that the motion to suppress be DENIED.[7]

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143,

150–51 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986).

In San Juan, Puerto Rico, this 25th day of May, 2012.

---

6. Here, the vehicle was searched on the scene before being towed to a POPR facility and searched again. Either search—or both—was justified by the finding of probable cause. *See United States v. Panitz*, 907 F.2d 1267, 1272 (1st Cir.1990) ("[T]he search, so long as reasonable in scope, need not be conducted contemporaneously with the seizure or at the seizure site. In short, the lawful (warrantless) search of a vehicle is restricted neither temporally nor spatially." (internal citations and quotations omitted)).

7. Our conclusion regarding probable cause does rely, in part, on Agent Estrada's testimony. However, we do not think this fact requires us to take more evidence regarding Agent Estrada's administrative record, *see supra* note 4, because nothing in the defense case contradicted those parts of Agent Estrada's testimony upon which we rely.