UNITED STATES of America,
Plaintiff,

v.

Luis GUZMAN–BATISTA, Defendant.

Criminal No. 12–759 (FAB).

United States District Court,
D. Puerto Rico.

June 10, 2013.

Amanda C. Soto–Ortega, United States Attorney's Office, San Juan, PR, for Plaintiff.

Sulay Rios–Fuentes, Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Camille Velez–Rive. (Docket No. 35.) The magistrate judge recommends that defendant Luis Guzman–Batista's ("Guzman") motion to suppress, (Docket No. 20), be granted. (Docket No. 35 at p. 22.) After an independent review of the record, the United States' ("the United States" or "the government") objections to the R & R, (Docket No. 43), and defendant Guzman's response to the United States' objections to the R & R, (Docket No. 46), the Court will hold a *de novo* hearing to review the magistrate judge's credibility determinations.

**DISCUSSION**

**I. Background**

The Court declines to rehash all of the facts. Background information or facts will be recounted as needed in the Court's subsequent legal analysis of particular issues. *See United States v. Stierhoff,* 549 F.3d 19, 21 (1st Cir.2008).

On October 17, 2012, the Puerto Rico Police Department ("PRPD") obtained a search warrant for defendant Guzman's home. (*See* Docket Nos. 31–2 & 31–4.) In support of that search warrant, PRPD Agent Hector L. Rivera–Torres ("Agent Rivera") submitted an affidavit regarding observations that he made on October 9, 2012. *Id.* During the search, the PRPD seized six rounds of 9mm caliber ammunition.

On October 24, 2012, a grand jury charged defendant Guzman with the illegal receipt of a firearm or ammunition by a person under indictment, in violation of Title 18, *United States Code* Section 922(n) and 924(a)(1)(D). (*See* Docket No. 8.) Specifically, the indictment charged defendant

Guzman with willfully receiving six rounds of 9mm caliber ammunition that had been shipped or transported in interstate commerce; the crime is punishable by imprisonment for a term exceeding one year. *Id.*

On January 8, 2013, defendant Guzman filed a motion to suppress the evidence seized by the PRPD and argued that the search warrant for his home "is replete with false statements inasmuch as the observations allegedly made by the agents could not have taken place." (Docket No. 20 at p. 2.) Therefore, defendant Guzman argues that there was no probable cause for the search and requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).[1] *Id.* at p. 3.

On January 9, 2013, the Court referred the motion to suppress to a United States Magistrate Judge Velez–Rive for a report and recommendation. (Docket Nos. 21–22.) On February 12, 2013, the United States filed a response in opposition to defendant's motion to suppress. (Docket No. 28.) On March 5, 2013, the magistrate judge held a suppression hearing. (Docket No. 39.) During the hearing, the defense presented the testimony of Ada Ivelisse Batista–Lopez, defendant's mother, and Yashira Silva–Gonzalez ("Silva"), a supervisory officer for the Puerto Rico Pretrial Services Office. (Docket No. 33.) The government presented the testimony of Agent Rivera. *Id.* Finally, the defense presented Frances Rivas–Rodriguez, a paralegal for the Federal Public Defender's office, as a rebuttal witness. *Id.* Both parties admitted several documents into evidence. (Docket No. 34.)

On April 14, 2013, the magistrate judge issued an R & R regarding defendant Guz-

man's motion to suppress. (Docket No. 35.) The magistrate judge recommended that the Court grant the motion to suppress. *Id.* at p. 22. Specifically, the magistrate judge focused on the incredibility of Agent Rivera's statements in his affidavit. *Id.* at pp. 21–22.

After obtaining a brief extension of time, the United States filed objections to the magistrate judge's R & R on May 14, 2013. (Docket No. 43.) In its motion, the government requests a *de novo* hearing. *Id.* at p. 3. On May 28, 2013, defendant Guzman filed a response in opposition to the government's objections. (Docket No. 46.)

## II. Legal Standard under 28 U.S.C. § 636(b)(1)

A district court may refer a pending motion to suppress to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). Furthermore, the objecting party must put forth more than "[c]onclusory objections that do not direct the reviewing court to

---

**1.** Pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a *Franks* hearing "is primarily a vehicle for

challenging a warrant by impeaching the affiant." *United States v. Adams*, 305 F.3d 30, 36 n. 1 (1st Cir.2002).

the issues in controversy." *Velez–Padro v. Thermo King De Puerto Rico, Inc.,* 465 F.3d 31, 32 (1st Cir.2006). Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, "the district court should be spared the chore of traversing ground already plowed by the Magistrate." *Gonzalez–Ramos v. Empresas Berrios, Inc.,* 360 F.Supp.2d 373, 376 (D.P.R.2005) (citing *Sackall v. Heckler,* 104 F.R.D. 401 (D.R.I.1984)). The party's objections must be grounded "in fact . . . and warranted by existing law or a good faith argument for the extension" rather than a reiteration of arguments already considered and rejected by the magistrate judge. *Id.*

In conducting its review, a court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1); *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, a court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I.2004)).

## III. Legal Standard for a *Franks* Hearing

The Fourth Amendment of the United States Constitution states that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court established that a criminal defendant has a right to a hearing to attack, pursuant to the Fourth Amendment, the statements contained in an affidavit submitted in support of a request for a search warrant. A *Franks* hearing, therefore, "is primarily a vehicle for challenging a warrant by impeaching the affiant." *United States v. Adams,* 305 F.3d 30, 36 n. 1 (1st Cir.2002). A defendant is entitled to a hearing to challenge the trustfulness of statements given in support of a search warrant "if he makes a substantial preliminary showing that (1) a statement in the affidavit was knowingly and intentionally false, or made with reckless disregard for the truth; and (2) the falsehood was necessary to the finding of probable cause." *United States v. Strother,* 318 F.3d 64, 69 (1st Cir.2003) (citing *Franks,* 438 U.S. at 171–72, 98 S.Ct. 2674). A defendant is only entitled to a hearing if that preliminary showing is made. *See United States v. Castillo,* 287 F.3d 21 (1st Cir.2002). At the hearing, a defendant must first successfully establish by a preponderance of the evidence the allegations of perjury or reckless disregard. *Franks,* 438 U.S. at 156, 98 S.Ct. 2674. Next, a defendant must also show that with those false statements set to one side, the remaining contents are insufficient to establish probable cause, and that, therefore, the warrant must be voided and the fruits of the search excluded. *Id.*

In this case, the magistrate judge determined that defendant Guzman was entitled to a *Franks* hearing. (Docket No. 77 at p. 4.) Therefore, the Court focuses on the second prong of the *Franks* analysis, which requires a defendant to make a substantive showing to establish

the falseness of the statements given by the affiant. A district court "need not hear the live testimony of a witness in order to *accept*" the credibility determinations of a magistrate judge. *United States v. Hernandez–Rodriguez*, 443 F.3d 138, 147–148 (1st Cir.2006) (citing *United States v. Raddatz*, 447 U.S. 667, 680–81, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). The Court may not, however, "reject the credibility determination of a magistrate judge without first hearing the testimony that was the basis for that determination." *Id.* at 148.

## IV. The United States' Objections to the Magistrate Judge's R & R

The United States argues that the evidence submitted by the parties support a different conclusion than the one recommended by the magistrate judge. (*See* Docket No. 43.) The testimony during the *Franks* hearing reveals that on October 9, 2012, defendant Guzman was wearing an electronic bracelet for the purposes of electronic monitoring by the Commonwealth of Puerto Rico. (Docket No. 35 at p. 16.) Agent Rivera stated that he saw defendant Guzman perform certain actions, which include driving a four track, which is also known as a four-wheeler or an all-terrain vehicle, to a home in his neighborhood; staying in the home for about five minutes; and then driving to his own home, which is about a one-minute drive from the first location. *Id.* at pp. 11–12. These actions, however, allegedly took place outside of the perimeter of his electronic monitoring. *Id.* Silva, the supervisor of the Puerto Rico Pretrial Services Office, stated that if he stayed out of this perimeter for more than six minutes, his electronic bracelet would have sent an alert to her office. *Id.* at pp. 10–11. Silva also indicated that no alert occurred on that day and that the electronic monitoring system was working. *Id.* Therefore, the alleged actions taken by defendant must have occurred in a time period of six minutes or less. *Id.*

The government argues that the magistrate judge found Agent Rivera's testimony incredible and, instead, "gave more credibility to measurements, videos and testimony of [Federal Public Defender] Investigator Rivas–Rodriguez, who admitted [that she] had no studies in engineering or prior training to take measures." (Docket No. 43 at pp. 16–17.) It also argues that even though the magistrate judge did not believe Agent Rivera's version of the facts, "the evidence presented during the suppression hearing corroborates" Agent Rivera's statements." *Id.* at p. 17.

■ Because the magistrate judge's recommendations are based on her credibility determinations of the witnesses, the Court may not "reject those determinations without first hearing the testimony that was the basis for that determination." *United States v. Hernandez–Rodriguez*, 443 F.3d at 148; *see also United States v. Nunez–Gerena*, No. 11–95(JAG), 2011 WL 7167098, at *14 n. 14 (D.P.R. October 13, 2011) (citing *United States v. Hernandez–Rodriguez*, 443 F.3d at 148); *United States v. Lopez–Ortiz*, 648 F.Supp.2d 241, 249 (D.P.R.2009) (same). Therefore, the Court grants the government's request for a *de novo* hearing so that it may review the evidence presented at the *Franks* hearing, particularly the credibility of the witnesses. *Id.* at pp. 17–18.

## CONCLUSION

Having closely considered both the R & R and the government's objections, the Court **GRANTS** the United States' request for a *de novo* hearing to review the evidence presented at the *Franks* hearing.

The hearing will be held on **June 18, 2013** at 9:00 a.m.

    **IT IS SO ORDERED.**